**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| AGJUNCTION LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 2:14-CV-02069 |
| | ) |
| AGRIAN, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**INTRODUCTION**

AgJunction LLC ("Plaintiff"), in its ten count action against Agrian Inc. ("Agrian") and five of Agrian's current employees (collectively "Employee Defendants") (Agrian and Employee Defendants collectively referred to as "Defendants"), advances a variety of claims, all of which stem from or are related to the allegation that the Employee Defendants—who are former employees of Plaintiff—breached provisions of their employment agreements and are purportedly using Plaintiff's allegedly confidential and/or trade secret information, all to the benefit Agrian. Even when the facts alleged are assumed to be true, the Complaint does not, as a matter of law, state a facially plausible claim.

Moreover, a plain reading of the Complaint reveals a gross lack of specificity. For example, matters claimed to be confidential or trade secrets are not defined. Measures taken by Plaintiff to maintain the confidentiality of information are not identified. And customers purportedly lost are not named. These are just a few of the gaping holes in the Complaint that render it legally deficient. The Complaint itself appears largely to be a fishing expedition initiated in hopes that discovery might ultimately reveal wrongdoing.

Consequently, the Defendants lack fair notice of the claims made and are not in a position to defend against them. But, before discovery occurs, a Plaintiff must make a well-pleaded Complaint. As more fully discussed below, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

<u>**STATEMENT OF FACTS**</u>

Although the Complaint is deficient as pled, there are a few stated facts about which the parties agree that provide a backdrop for the present dispute.

Plaintiff and Agrian are software companies servicing the agricultural market. Complaint ¶¶ 12, 15. In December 2012, Plaintiff and Agrian entered into a Master Services Licensing Agreement (the "Agreement") to provide software services. *Id.* ¶ 18. This Agreement is governed by Delaware law. *Id.*, Ex. A, ¶ 12.4.

The Employee Defendants are former employees of Plaintiff. Complaint ¶¶ 5-9. Each of the Employee Defendants signed a Confidentiality and Intellectual Property Agreement ("Confidentiality Agreement"), in addition to an employment agreement. *Id.*, Ex. B-F. Each of the Employee Defendants' agreements included a provision requiring that they sign the Confidentiality Agreement. *Id.*, p. 3., Ex. B-F. The Confidentiality Agreement is governed by the laws of Alberta, Canada. p. 5, ¶ 4.

<u>**ARGUMENT**</u>

**I.     STANDARD OF REVIEW.**

To survive a Rule 12(b)(6) motion, the complaint must present factual allegations, assumed to be true, that "raise the right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must provide defendant with fair notice of the claims against it and the grounds upon which they rest. *Id.* at 555. "[M]ere 'labels and

conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a

plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC.*

*v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).  As this

Court has explained:

> The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.' "Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."

*Boardwalk Apartments, L.C. v. State Auto Prop. & Cas. Ins. Co.*, No. 11-2714-JAR-KMH, 2013

WL 4504351, at *2 (D. Kan. Aug. 23, 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009)).

The Court may consider documents that are attached to a complaint, as well as

documents that are referenced in a complaint and central to a plaintiff's claims.  *See GFF Corp.*

*v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997).  To the extent a

plaintiff's allegations are inconsistent with a properly considered document attached to or

referenced in the complaint, such allegations must be disregarded.  *See generally Peterson v.*

*Martinez*, 707 F.3d 1197, 1206 (10th Cir. 2013) ("[F]actual allegations that contradict . . . a

properly considered document are not well-pleaded facts that the court must accept as true.").

## II.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED.

Plaintiff alleges ten counts against various combinations of Defendants.  Each count is

deficient.  Several should be dismissed as a matter of law, because they do not, and cannot, serve

as a basis for an actionable claim.  And as to all of the counts, Plaintiff falls woefully short of

meeting its burden to plead claims with sufficient particularity.  Plaintiffs' claims provide little

more than an elementary recitation of the elements for nearly every claim in the Complaint.  As

such, these claims should be dismissed.

**A.    Count I, Breach of Contract Against Agrian, Should Be Dismissed.**

In Count I, Plaintiff alleges Agrian breached the Master Services and Licensing

Agreement (the "Wilbur-Ellis Agreement").  *Id.* ¶ 53-60.  Pursuant to the Wilbur-Ellis

Agreement's choice-of-law provision, Delaware law governs this claim.  *See* Master Services

and Licensing Agreement, ¶ 12.4 ("This Agreement shall be governed by and interpreted in

accordance with the laws of the State of Delaware."), Complaint, Ex. A.

A claim for breach-of-contract under Delaware law has three elements:  (1) the existence

of a contract; (2) the breach of an obligation imposed by the contract; and (3) damages that the

plaintiff suffered as a result of the breach.  *Osram Sylvania Inc. v. Townsend Ventures, LLC*,

2013 WL 6199554, at *6 (Del. Ch. Nov. 19, 2013).  Plaintiff fails to sufficiently plead the

second element—the breach of a specific contractual obligation.

More specifically, Plaintiff's Complaint contains only one purported allegation of a

breach:

> Defendant Agrian has breached the terns of the Agreement
> by failing, among other things, to honor obligations set forth in the
> Agreement to access and use AgJunction's confidential and
> protected information solely for the purpose of administering its
> reseller agreements with its client, Wilbur-Ellis Company.

Complaint ¶ 56.[1]  This broad and sweeping allegation (as well as the broad and sweeping

allegations in ¶¶ 57-59) does not allege facts in sufficient detail so as to put Agrian on notice of

---

[1] It should be noted that the allegation "among other things" cannot possibly state a claim with
sufficient particularity so as to warrant relief.  Thus, Defendant discusses the only apparent
substantive allegation stated by Plaintiff.

the specific conduct Plaintiff claims constitutes the breach. *See Twombly*, 550 U.S. at 555, 570.

The provision of the Wilbur-Ellis Agreement that discusses confidential information is ¶ 9.1. Plaintiff fails to mention that "Confidential Information" is, in fact, a defined term under this agreement and not some amorphous concept of whatever Plaintiff now considers confidential. As ¶ 1.1 describes:

> "**Confidential Information**" means any information of a party (the "**disclosing party**") provided to or made available to the other party (the "**receiving party**") where such information is marked as "proprietary" or "confidential" or a like marking.

Thus, to plead a breach of contract, Plaintiff must sufficiently allege that it provided or made the information available to Agrian *and* that Plaintiff marked the information as proprietary or confidential. If such facts are not alleged, ¶ 9.1 can never apply.

As currently pleaded, Plaintiff's Complaint does not disclose what specific information it provided or made available to Agrian, which Agrian then "misused." Further, there is no mention—whatsoever—that any information was marked as confidential or proprietary. Without these allegations, it is impossible for Plaintiff to state a claim for breach of contract. Simply put, Plaintiff's Complaint does not allege a breach of a contractual term as a matter of law, so Count I should be dismissed.

**B.     Count II, Breach of the Covenant of Good Faith and Fair Dealing By Agrian, Should Be Dismissed.**

In Count II, Plaintiff alleges Agrian breached the duty of good faith and fair dealing. Complaint ¶¶ 61-65. Because this is a claim made regarding the Wlibur-Ellis Agreement, this Court should apply Delaware law. *See Venture Commercial Mortg., LLC v. FDIC*, Civil Action No. 09-2285-KHV, 2010 WL 820711, at *5, 9 (D. Kan. March 5, 2010) (applying Arizona law to a claim for breach of the duty of good faith and fair dealing because the contract contained an

Arizona choice-of-law clause).

Plaintiff does not adequately plead its claim for breach of the covenant of good faith and fair dealing. Plaintiff's Complaint reflects a misunderstanding of the circumstances in which this contractual doctrine applies. As the Delaware Chancery Court recently described:

> The covenant of good faith and fair dealing is implied in every contract, and "requires a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the bargain." However, the implied covenant of good faith and fair dealing, as the Plaintiffs recognize, serves a gap-filling function by creating obligations only where the parties to the contract did not anticipate some contingency, and had they thought of it, the parties would have agreed at the time of contracting to create that obligation. Thus, "the implied covenant is not a license to rewrite contractual language just because the plaintiff failed to negotiate for protections that, in hindsight, would have made the contract a better deal. Rather, a party may only invoke the protections of the covenant when it is clear from the underlying contract that the contracting parties would have agreed to proscribe the act later complained of . . . had they thought to negotiate with respect to that matter.

*Am. Capital Acquisition Partners, LLC v. LPL Holdings, Inc.*, CIV.A. 8490-VCG, 2014 WL 354496, at *5 (Del. Ch. Feb. 3, 2014).

As Plaintiff readily recognizes in Count I, the parties had specific contractual terms governing confidential information. As such, Delaware law will not permit a party to attempt to rewrite this language in hindsight. *Id.* Indeed, when Plaintiff attempts to articulate the "breach," it alleges that Agrian used confidential information "for purposes beyond the limited scope of acceptable access and use defined in the Agreement." Complaint ¶ 63. This admission is fatal to Plaintiff's claim because it concedes that the conduct is specifically covered by the terms of the Wilbur-Ellis Agreement. *Id.*

Further, this Count contains nothing more than "a formulaic recitation of the elements,"

which is insufficient to state a claim. *Twombly*, 550 U.S. at 555. Without more, this Count should be dismissed for insufficient pleading.

Plaintiff does not state a claim for a breach of the duty of good faith and fair dealing. Thus, Count II should be dismissed.

### C.   Count III, Breach of Contract By the Employee Defendants (Dearborn, Hunt, Dedmon, Nerpel and Anderson), Should Be Dismissed.

In Count III, Plaintiff purports to state a claim for breach of contract against each of the Employee Defendants. Complaint ¶¶ 66-75. Its attempt is deficient and also is foreclosed as a matter of law. Plaintiff alleges the Employee Defendants breached their employment agreements. *Id.* ¶ 71. Each of those employment agreements required that the Confidentiality Agreement be signed. This Agreement included the following provision:

> This Agreement will be governed and interpreted in accordance with the laws of the Province of Alberta, irrespective of the fact that I may be, or become resident of or employed in a different Province or Country. Any action to enforce this Agreement may be brought in the Courts of Alberta, without objection based on personal jurisdiction or convenience.

*See* Complaint, Exhibits B-F, p. 5, ¶ 4. Thus, claims made under the employment agreement's confidentiality provision are to be adjudicated according to the laws of Alberta, Canada.

As an initial matter, grouping all of the Employee Defendants into one breach of contract claim is wholly insufficient from a pleading perspective. Plaintiff fails to state facts describing how it believes each Employee Defendant actually breached their agreement. *Twombly*, 550 U.S. at 570. Rather, Plaintiff provides a formulaic recitation of the breach-of-contract elements, providing no specific allegations. *See Kan. Penn Gaming*, 656 F.3d at 1214.

The deficiencies in Plaintiff's pleading are compounded by the fact that it tries to assert claims against five separate individuals. Yet Plaintiff pleads no facts with respect to what acts

performed by each individual Defendant actually constitutes a contractual breach.  "A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against particular defendants." *Tatone v. SunTrust Mortgage, Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012); *see also Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (holding that complaint failed to state a claim because the complaint's use of the collective term "defendants" with no distinction as to what acts were attributable to whom made it impossible for any individual to ascertain what wrongful acts they were alleged to have committed); *Cruz v. Cinram Int'l, Inc.*, 574 F. Supp. 2d 1227, 1233 (D. Ala.2008) (*citing Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 n.9 (11th Cir. 2002) (holding that the complaint violated Rule 8 because it asserted factual allegations against "defendants" as a group, with no statements of individual wrongs by individual defendants).  Plaintiff's Complaint does not describe the specific actions it claims constitute the breach, nor does it differentiate or describe which defendant did what acts that caused them to be in breach the contract.  Without more specific allegations, Count III fails to satisfy Fed. R. Civ. P. Rule 8 and should be dismissed.

Further, Plaintiff's claims for breach of contract are foreclosed as a matter of Canadian law.  All of the contractual provisions on which Plaintiff relies, as drafted, are unenforceable.  Thus, it is not possible for Plaintiff to state a claim for breach of contract, and this Count should be dismissed.

More specifically, Plaintiff relies upon the non-competition and non-solicitation-of-customers restrictive covenants in each Employee Defendants' Confidentiality Agreement.  Complaint, Exhibits B-F, p. 4, ¶¶ 1, 2.  The "Non-Competition and Non-Solicitation" provisions

are facially unenforceable under Canadian law of the contract for reasons of public policy. Covenants which contain blanket restrictions against competition are generally unenforceable as being an unnecessary restraint of trade. *Globex Foreign Exchange Corporation v. Kelcher*, 2009 ABQB 471 (Can.), attached hereto as Exhibit 1. Generally speaking, except in exceptional circumstances, courts will not enforce a non-competition clause where a non-solicitation clause would have adequately protected the legitimate business interests of the employer. *Lyons v. Multari* (2000), 50 O.R. 3d 526 (Can. Ont. C.A.), attached hereto as Exhibit 2. Additionally and alternatively, the restrictive covenants here are unenforceable because they contain no geographic limitations. *Elsley Estate v. J.G. Collins Insurance Agencies Ltd.*, [1978] 2 S.C.R. 916 (Can.), attached hereto as Exhibit 3.

Furthermore, a restrictive covenant that prohibits the conducting of business with any client or customer is in fact a non-competition provision. *H.L. Staebler Company Ltd. v. Allan* (2008), 92 O.R. 3d 107 (Can. Ont. C.A.), attached hereto as Exhibit 4. Additionally, under Canadian law, "notional severance", or in American terms, the blue-penciling or altering an agreement to strike the offending portion of the agreement while retaining the portion that is allowed under the law cannot be used in connection with a restrictive covenant in an employment agreement so as to sever that portion of the covenant which is unenforceable. *Shafron v. KRG Insurance Brokers (Western) Inc.,* 2009 SCC 6 (Can.), attached hereto as Exhibit 5. Rather, the offending provision must be struck in its entirety.

Thus, Count III fails because it is not plead with sufficient particularity and because portions of this count (¶¶ 71, 72 and 73) cannot state a claim as a matter of Canadian law. Count III should be dismissed.

D.      **Count IV, Intentional Interference with Business Advantage By All Defendants, Should Be Dismissed.**

In Count IV, Plaintiff claims all of the Defendants intentionally interfered with prospective customers and/or its renewal of contracts with existing customers.  Complaint ¶¶ 76-82.  Because this purported interference with prospective business advantage allegedly caused financial harm, Kansas courts will typically apply the law of the state where the plaintiff felt the financial harm—here, the Kansas headquarters of AgJunction.  *See, e.g.*, *Ayres v. AG Processing, Inc.*, 345 F. Supp. 2d 1200, 1210 (D. Kan. 2004) (citing *Ling v. Jan's Liquors*, 703 P.2d 731, 735 (Kan. 1985)).

Under Kansas law, the elements for interference with a prospective business advantage are: (1) the existence of a business relationship or expectancy with the probability of future economic benefit to the plaintiff; (2) knowledge of the relationship or expectancy by the defendant; (3) that, except for the conduct of the defendant, plaintiff was reasonably certain to have continued the relationship or realized the expectancy; (4) intentional misconduct by defendant; and (5) damages suffered by plaintiff as a direct or proximate cause of defendant's misconduct.  *Id.* (citing *Burcham v. Unison Bancorp, Inc.*, 77 P.3d 130, 151 (Kan. 2003)).

Plaintiff brings its claim against all of the Defendants, but includes no specific facts to identify what conduct by each of them defendant purportedly breached any non-interference duty owed.  Rather, the Complaint is again replete with broad, sweeping statements.  Defendant Agrian allegedly acquired and/or used "confidential and proprietary information" but the nature of this information is not identified except as "software".  Complaint, ¶¶ 78, 81.  Customers purportedly were "solicited", but neither the customers nor the circumstances of this purported solicitation are identified.  *Id.* at ¶ 80.  Plaintiff claims it was damaged (*id.* at ¶ 82), but without identifying the customers in issue or the nature of the damage allegedly sustain, defendants are

left to merely speculate about the facts that support this claim for damages and, thus, have not been given sufficient notice so as to permit them to raise a defense.   *See Twombly*, 550 U.S. at 555, 570.  Thus, because Plaintiff fails to identify a single business expectancy it has lost, the Complaint does not state a sufficient claim.  Such proof is especially important in a case like this, where Plaintiff and Agrian work *together* in a joint role as suppliers to the same companies.

Finally, specifically with respect to the Employee Defendants, the Complaint as plead is wholly insufficient.  Plaintiff cannot simply add "Employee Defendants" to the beginning of a couple of paragraphs that recite—verbatim—the elements of a cause of action, and think it sufficient to state a claim.  There is no way these threadbare accusations could put any of the Employee Defendants on notice of the claim. *See Twombly*, 550 U.S. at 555, 570; *Tatone*, 857 F. Supp. 2d at 831; *Robbins*, 519 F.3d at 1250; *Cruz*, 574 F. Supp. 2d at 1233.

Based upon the numerous pleading deficiencies identified herein, this Court should, therefore, dismiss Count IV.

### E.   Count V, Violation of the Kansas Uniform Trade Secrets Act By All Defendants, Should Be Dismissed.

In Count V, Plaintiff attempts to allege a violation of the Kansas Uniform Trade Secrets Act against all Defendants.  Once again, Plaintiff asserts this claim as to all Defendants generally, but provides no distinction regarding which of the defendants specifically did what acts that are claimed to violate the Kansas Uniform Trade Secrets Act.  *See Tatone*, 857 F. Supp. 2d at 831; *Robbins*, 519 F.3d at 1250; *Cruz*, 574 F. Supp. 2d at 1233; *see also Synergy Real Estate of SW Fla. v. Premier Property Mgmt. of SW Fla., LLC*, Case No. 11-cv-707-FtM-29UAM, 2013 WL 5596795, at *2 (M.D. Fla. Oct. 11, 2013) (holding that complaint which alleged that "defendants," which included a limited liability company, committed the acts underlying the claim failed to satisfy Fed. R. Civ. P. 8).  The allegations fail to satisfy Rule 8

because they do not provide sufficient notice of each Defendant's specific conduct claimed as constituting the violation. *See Twombly*, 550 U.S. at 555, 570; *Tatone*, 857 F. Supp. 2d at 831.

But, more fundamentally, Plaintiff comes nowhere close to what is necessary to plead a cause of action under the KUTSA. Plaintiff again resorts to reciting the elements of the claim, and, especially with regard to trade secret claims, such a tactic is forbidden.

> While the question of whether a trade secret exists is a question for the trier of fact, the proponent of the claim must come forward with some showing that the information alleged to be a trade secret meets the definition. This burden is not met by general allegations; rather, it must be met by describing "the subject matter of their trade secrets in sufficient detail to establish each element of a trade secret."

*Paradigm Alliance, Inc. v. Celeritas Technologies, LLC*, 659 F. Supp. 2d 1167, 1185 (D. Kan. 2009) (quoting *Bradbury Co. v. Teissier-duCros*, 413 F.Supp.2d 1209, 1221-22 (D. Kan. 2006)). Plaintiff's Complaint contains no allegations that even approach "sufficient detail" as to what trade secret Plaintiff alleges. All Plaintiff offers is: "secret information, including information relating to AgJunction's software, databases, and customer information." This vague and general statement is insufficient to allege trade secret protection. *See Bradbury*, 413 F. Supp. 2d at 1222 ("Plaintiff has the burden under the KUTSA to define its trade secrets with the precision and particularity necessary to separate it from the general skill and knowledge possessed by others."). While it is not necessary for Plaintiff to disclose all of the contents of the trade secret (for that would negate the principle of a trade secret), it must specifically identify what trade secrets it alleges. *Paradigm*, 659 F. Supp. 2d at 1185. "Just as plaintiffs cannot simply persist in the blunderbuss statement that 'Everything you got from us was a trade secret,' plaintiffs must likewise identify with specificity what trade secrets [the defendant] disclosed." *BioCore, Inc. v.*

*Khosrowshahi*, 96 F. Supp. 2d 1221, 1229-30 (D. Kan. 2000) (internal quotation marks and citations omitted), *rev'd in part on other grounds by* 80 F. App'x 619 (10th Cir. 2003).

Plaintiff does not even attempt to specifically identify a trade secret. Defendants, thus, are precluded from defending against the general claims made by Plaintiff, so this Court should dismiss Plaintiff's KUTSA count for failure to state a claim.

**F.     Count VI, Common Law Unfair Competition Against All Defendants, Should Be Dismissed.**

In Count VI, Plaintiff alleges against all Defendants the same conduct as Count V, but this time, under the guise of the tort of "Common Law Unfair Competition." Complaint ¶¶ 90-96. Because this tort allegedly caused financial harm, Kansas courts will typically apply the law of the state where the plaintiff felt the financial harm—here, the Kansas AgJunction headquarters. *See, e.g.*, *Ayres*, 345 F. Supp. 2d at 1210.

Defendants reincorporate their argument above that Plaintiff fails to identify conduct of the Employee Defendants in a manner sufficient to state a claim against them. All of Plaintiff's allegations here are general as to all Defendants. Plaintiff yet again fails to plead its claim with the required specificity. *See Twombly*, 550 U.S. at 555, 570; *Tatone*, 857 F. Supp. 2d at 831; *Robbins*, 519 F.3d at 1250; *Cruz*, 574 F. Supp. 2d at 1233; *see also Synergy Real Estate of SW Fla.*, 2013 WL 5596795, at *2.

But more problematic for Plaintiff as to its Unfair Competition claim is that it is preempted by the KUTSA.

> [The plaintiff's claim] is also brought "pursuant to the Restatement of Torts § 757 and based upon their common law right to protection from the misappropriation of trade secrets and unfair competition." K.S.A. § 60–3326, however, states that the Uniform Trade Secrets Act "displaces conflicting tort, restitutionary and other law of this state providing civil remedies for misappropriation of a trade secret."

*Fireworks Spectacular, Inc. v. Premier Pyrotechnics, Inc.*, 86 F. Supp. 2d 1102, 1106 n.2  (D. Kan. 2000).

Because Plaintiff's Unfair Competition Claim is preempted by the KUTSA, this Court should dismiss Count VI.

### G.     Count VII, Breach of Duty of Loyalty Against All Employee Defendants (Dearborn, Hunt, Dedmon, Nerpel, Anderson), Should Be Dismissed.

In Count VII, Plaintiff alleges breach of the duty of loyalty against the collective Employee Defendants.  Complaint ¶¶ 97-101.  Because this tort allegedly caused financial harm, Kansas courts will typically apply the law of the state where the plaintiff felt the financial harm—again, the Kansas headquarters of AgJunction.  *See, e.g.*, *Ayres*, 345 F. Supp. 2d at 1210.

Plaintiff's Complaint fails to give notice of the basis of Plaintiff's claimed breach of the duty of loyalty claim.  When describing the conduct constituting the breach, Plaintiff's Complaint merely states that the Employee Defendants "took actions, such as competing directly with AgJunction . . . and secretly providing information to Agrian . . . ."  Complaint, ¶ 100. Plaintiff does not describe how Employee Defendants competed directly with AgJunction nor does it provide specific instances where information was secretly provided to Agrian.  In fact, the nature of the "information" in issue is not even identified.  Providing hypothetical examples of actions that could constitute a breach of the duty of loyalty—without describing the specific actions of Employee Defendants—does not provide sufficient notice of the basis of Plaintiff's claim.  *Twombly*, 550 U.S. at 555, 570.

Further, Plaintiff fails to attribute to each individual defendant the hypothetical actions that constitute the claimed breach of the duty of loyalty.  Plaintiff merely states that the collective Employee Defendants took actions that breached the duty of loyalty.  By failing to

distinguish which individual defendant committed which specific acts that purportedly breached the duty of loyalty, Plaintiff's claim fails to satisfy Rule 8 and, therefore, this count should be dismissed. *See Twombly*, 550 U.S. at 555, 570; *Tatone*, 857 F. Supp. 2d at 831; *Robbins*, 519 F.3d at 1250; *Cruz*, 574 F. Supp. 2d at 1233.

### H.   Count VIII, Breach of Fiduciary Duty Against Defendants Dearborn and Hunt, Should Be Dismissed.

In Count VIII, Plaintiff alleges that Employee Defendants Dearborn and Hunt breached their fiduciary duty owed to Plaintiff. Again, this Court should apply Kansas law. *See, e.g.*, *Ayres*, 345 F. Supp. 2d at 1210.

Although Count VIII is alleged against both Hunt and Dearborn, Plaintiff's Complaint is devoid of sufficiently specific allegations with respect to Hunt. Each paragraph of this claim describes what Dearborn did to breach his fiduciary duty, but says nothing about how Hunt supposedly committed a fiduciary duty breach. Because the claim does not allege a single fact regarding a breach of Hunt's fiduciary duty, Hunt should be dismissed from this claim.

Additionally, with respect to Dearborn, the claim that he supposedly led an effort to "copy AgJunction's confidential and proprietary information and intellectual property" is again not sufficiently specific under the pleading standards set forth in the Federal Rules of Civil Procedure and as articulated in *Twombly*. Dearborn, too, lacks sufficient notice to enable him to respond to Count VIII, so the claim against him should be dismissed.

I.      **Count IX, Tortious Interference with Employment Contracts Against Agrian, Dearborn and Hunt, Should Be Dismissed.**

In Count IX, Plaintiff asserts against defendants Agrian, Dearborn and Hunt a claim for tortious interference with contracts. Kansas law applies to this count as well. *See, e.g., Ayres*, 345 F. Supp. 2d at 1210. The elements of a claim for interference with a contract are: (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) its intentional procurement of a breach of the contract, (4) the absence of justification for the breach, and (5) damages resulting therefrom. *Id.* at 1210 (*citing Burcham v. Unison Bancorp, Inc.*, 77 P.3d 130, 150 (Kan. 2003)).

Plaintiff's claim fails as a matter of law because it cannot prove an essential element: that a breach of the contracts occurred/was procured. While not totally clear, it appears that Plaintiff alleges that Agrian, Dearborn and Hunt procured a breach of the employment contracts by coordinating efforts to (1) unlawfully solicit Plaintiff's employees for employment at Agrian and (2) unlawfully access, use, disclose Plaintiff's confidential information. However, Plaintiff does not allege that the existence of any agreement with Agrian that prohibited it from soliciting Plaintiff's employees, all of whom by the terms of their employment agreement were at-will employees. *See* Employment Agreement, p. 2. Additionally, because the employees in issue are employed by Agrian, not Dearborn or Hunt, these defendants could not, by definition, have "hire(d), engage(d) or solicit(ed) for employment or engagement" an employee of Plaintiff. Confidentiality Agreement, p. 4, ¶ 3.

Because Plaintiff cannot establish that Agrian, Dearborn and/or Hunt procured a breach of a contract, Plaintiff fails to state a claim for tortious interference with a business contract.

**J.    Count X, Conspiracy Against All Defendants, Should Be Dismissed.**

In Count X, Plaintiff asserts a claim for conspiracy against all Defendants.  Kansas law applies here as well.  *See, e.g.*, *Ayres*, 345 F. Supp. 2d at 1210.  To properly plead a claim for conspiracy, Plaintiff must establish (1) that there were two or more persons; (2) who had an object to be accomplished, (3) who had a meeting of the minds in the object or course of action, (4) that one or more unlawful overt acts occurred, and (5) that damages occurred as a proximate result.  *Kincaid v. Dess*, 298 P.3d 358, 369 (Kan. Ct. App. 2013) (*citing Stoldt v. City of Toronto*, 678 P.2d 153 (Kan. 1984)).  "Conspiracy is not an actionable claim without commission of some wrong giving rise to a cause of action independent of the conspiracy."  *Id.*

As described throughout this memorandum, Plaintiff's Complaint fails to sufficiently plead any of the tort claims it asserts as independent "wrongs" in support of the alleged conspiracy (solicitation and disclosure of confidential information).  Consequently, Count X, too, fails as a matter of law and should be dismissed.  *See Diederich v Yarnevich*, 196 P.3d 411 (Kan. Ct. App. 2008).

## CONCLUSION

The Plaintiff's Complaint has not been pled with sufficient particularity.  Consequently, it would be patently unfair, if not impossible, for the Defendants to provide their responsive pleading.  Moreover, the relevant non-competition and non-solicitation of business provisions contained within the Employee Defendants' employment agreements and related Confidentiality Agreements are not enforceable as a matter of Canadian law.  The Plaintiff's Complaint should, therefore, be dismissed in its entirety.

Dated:  April 7, 2014                    Respectfully submitted,


                                         /s/ Joan K. Archer
                                         Joan K. Archer        KS Bar No. 15543
                                         Michael T. Raupp      KS Bar No. 25831
                                         Tyler J. Scott        KS Bar No. 24940
                                         Husch Blackwell LLP
                                         4801 Main Street, Suite 1000
                                         Kansas City, MO 64112
                                         Tel:  816.983.8000
                                         Fax:  816.983.8080
                                         joan.archer@huschblackwell.com
                                         michael.raupp@huschblackwell.com
                                         tyler.scott@huschblackwell.com


                                         Mark Josselyn       Canada23470L
                                         Gowling Lafleur Henderson LLP
                                         160 Elgin Street, Suite 2600
                                         Ottawa Ontario
                                         K1P 1C3 Canada
                                         (pro hac vice admission pending)
                                         Tel: 613-786-0148
                                         Fax: 613-788-3441
                                         mark.josselyn@gowlings.com

                                         Attorneys for Defendants


## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2014, I filed a copy of the foregoing document with the Court's ECF system, which will send electronic notification to all counsel of record.


                                         /s/ Joan K. Archer

                                         Attorney for Defendants