IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AGJUNCTION LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:14-CV-02069 |
| | ) |
| AGRIAN INC., et al., | ) |
| | ) |
| Defendants. | ) |

**SUPPLEMENTAL BRIEF IN SUPPORT OF**
**DEFENDANTS' MOTION TO APPEAR PRO HAC VICE**

On April 21, this Court ordered supplemental briefing on Defendants' Motion for Leave to Appear Pro Hac Vice. *See* April 21, 2014 Order (Doc. # 39). Defendants' request that Mark Josselyn be admitted *pro hac vice* became even more imperative as a result the recent status conference before Judge Robinson during which she set Plaintiff's motion for preliminary injunction for June 24 and 25, 2014. *See* Minute Entry (Doc. # 43). Judge Robinson specifically noted that the individual defendants' alleged breaches of employment-agreement covenants are particularly appropriate for evaluation at the preliminary-injunction stage. As explained below, these covenants, which are governed by Canadian law, are to be the key focus of Mr. Josselyn's potential role in this case. In further support of their motion, Defendants state as follows:

The Court is correct that Mr. Josselyn is both licensed in and focuses his practice on Canadian law and that he is not licensed in the United States. Although this understandably may be of concern to the Court given the complexities of the Federal Rules of Civil Procedure and Evidence, counsel anticipates that Mr. Josselyn's potential role in this case would be very narrow. He will not be taking testimony from witnesses. He will not be offering objections. He will not be the principal author of any written submissions to the Court. Lead counsel will retain

1

all of these functions. Rather, Mr. Josselyn's role would be limited to the following tasks: (1) providing the Court and counsel with analysis and authorities concerning Canadian law and precedent relevant to the interpretation and validity of the employment non-competition provisions in issue; and (2) advising lead counsel in connection with both preparation for and attendance at the preliminary injunction hearing (or the subsequent trial) as to what evidence may be relevant and helpful to the Court's resolution of the Canadian contract claims.

As the Court correctly noted, the employment agreements in this case contain Canadian choice-of-law provisions. Plaintiff similarly recognizes that Canadian law will govern the contract claims. *See* Pl. Notice of Applicable Alberta Law on Breach of Contract (Doc. # 40). Defendants will assert that several of the covenants in the employment agreements are unenforceable as a matter of Canadian law. Thus, proper resolution of questions of Canadian law will be central to the outcome of the preliminary-injunction motion, as well as to this case as a whole. In a typical case, many of these issues could possibly be addressed through the normal briefing process and may not necessitate a *pro hac vice* admission. In this case, however, it is anticipated that these issues of Canadian law will be the matter of great scrutiny and possibly ruled upon at a preliminary-injunction hearing. Therefore, it is likely that argument will be necessary at that hearing to establish how Canadian law applies to the specific covenants at issue. This is the precise purpose for which Defendants seek to admit Mr. Josselyn *pro hac vice*. Furthermore, Mr. Josselyn's presence at counsel table is necessary so he can advise lead counsel on how testimony at the hearing relates to the Canadian-law framework under which the covenants are analyzed. Without an appreciation for the impact that certain testimony has on the enforceability analysis, it will not be possible for lead counsel to adequately examine and cross-

examine witnesses as she is not licensed in Canada nor is she familiar with the interpretation of contracts governed by Canadian law.

Defendants recognize and appreciate that there is no provision in the Court's local rules for the admission of foreign attorneys, and that admission *pro hac vice* is left to the discretion of the Court. Several courts, including the United States Supreme Court, allow for the *pro hac vice* admission of foreign attorneys. *See* Sup. Ct. R. 6.2 ("An attorney qualified to practice in the courts of a foreign state may be permitted to argue *pro hac vice*."); *see also Rudich v. Metro Goldwyn Mayer Studio, Inc.*, No. 08-cv-389-bbc, 2008 WL 4693409, at *1-2 (W.D. Wis. Aug. 27, 2008). Mr. Josselyn's admission is for a similarly limited purpose—to provide the Court with argument on Canadian law. This will aid the Court in its evaluation and is also necessary for Defendants' lead counsel to adequately represent its clients.

The Defendants, therefore, respectfully request that their motion to admit Mr. Josselyn *pro hac vice* for the limited purposes described herein be granted.

Respectfully submitted,

/S/ JOAN K. ARCHER
JOAN K. ARCHER    KS BAR NO. 15543
MICHAEL T. RAUPP    KS BAR NO. 25831
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Tel: 816.983.8000
Fax: 816.983.8080
joan.archer@huschblackwell.com
michael.raupp@huschblackwell.com

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2014, I filed a copy of the foregoing document with the Court's ECF system, which will send electronic notification to all counsel of record.

/S/ JOAN K. ARCHER
*Attorney for Defendants*

4