# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AGJUNCTION, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-2069-JAR |
| | ) |
| AGRAIN, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the court upon Joan K. Archer's Motion for Mark Josselyn to be admitted *pro hac vice* (ECF No. 28). Mr. Josselyn is admitted to practice law in the Province of Ontario by the Law Society of Upper Canada, but he is not admitted to practice anywhere within the United States. D. Kan. Rule 83.5.4(a) governs the requirements for *pro hac vice* admission. It provides that an attorney not admitted to practice in this court may be admitted for the purpose of a particular case if the following conditions are met:

> (1) The attorney must be a member in good standing of the bar of another state or federal court;
>
> (2) A member in good standing of the bar of this court must move for his or her admission;
>
> (3) The motion must be in writing;
>
> (4) The motion must be accompanied by an affidavit on the form prescribed by court rule []; and
>
> (5) The attorney seeking admission must pay a registration fee of $50 per case.

The present motion and attached affidavit meet all of the above requirements with the arguable exception of the first-listed requirement. Mr. Josselyn is not a member in good standing of the bar of another state or federal court. He is a member in good standing of the bar of a

foreign court. The local rule does not specifically address *pro hac vice* admission of attorneys licensed to practice in foreign jurisdictions, and this court has not yet interpreted this local rule in the context of a motion for a foreign attorney to appear *pro hac vice*. In *DeGuzman v. Nicholson*,[1] the United States Court of Appeals for Veterans Claims refused to grant *pro hac vice* admission to an attorney licensed in the Philippines based on a similarly limited rule governing *pro hac vice* admission.[2] That rule, like the one in this district, did not specifically provide for *pro hac vice* admission of attorneys admitted in a foreign country.

Other courts, however, have granted *pro hac vice* admission to attorneys admitted in foreign jurisdictions even though their local rules did not specifically provide for admission of foreign lawyers.[3] These courts reasoned that the decision whether to grant *pro hac vice* admission to attorneys admitted in foreign jurisdictions rested within the sound discretion of the district court, even if the local rules did not specifically provide for *pro hac vice* admission under these circumstances.[4] The undersigned agrees that the better approach involves the court making an informed decision on a case-by-case basis, considering the local rules' requirements for *pro hac vice* admission, the nuances of the particular case for which the attorney seeks to be admitted, and the attorney's level of knowledge of the federal practice in the United States, including familiarity with the Federal Rules of Civil Procedure and Federal Rules of Evidence.

---

[1] 20 Vet. App. 526 (2006).

[2] *Id.* at 533-34.

[3] *See, e.g., Rudick v. Metro Goldwyn Mayer Studio, Inc.*, No. 08-cv-389-bbc, 2008 WL 4693409, at *1 (W.D. Wis. Aug. 28, 2008); *In re Livent, Inc.*, No. 98 Civ.5686(VM)(DFE), 98 Civ.7161(VM)(DFE), 2004 WL 385048, at *3 (S.D.N.Y. Mar. 2, 2004).

[4] *See In re Livent*, 2004 WL 385048, at *3 ("[A]dmission *pro hac vice* is a sensible exercise of discretion on the particular facts of this litigation.").

To that end, the court ordered supplemental briefing on the motion for leave to appear *pro hac vice*.[5] The supplemental brief was to provide additional details about Mr. Josselyn's level of knowledge regarding the Federal Rules of Civil Procedure, Federal Rules of Evidence, and knowledge of law practice in federal court in the United States. Defendants sought to have Mr. Josselyn admitted *pro hac vice* in order to assist with interpretation of Canadian law because the employment agreements at issue in this case contain a Canadian choice-of-law clause. Therefore, the court also directed that the supplemental brief should provide a more thorough explanation as to why it was necessary for Mr. Josselyn to be admitted *pro hac vice* in order to assist with this aspect of the case.

The supplemental brief explains that Mr. Josselyn's role in this litigation would be limited to: (1) providing the court and counsel with analysis and authorities concerning Canadian law and precedent relevant to the interpretation and validity of the employment non-competition provisions and issue and (2) advising lead counsel in connection with both preparation for and attendance at the June preliminary injunction hearing (or the subsequent trial) as to what evidence may be relevant and helpful to the court's resolution of the Canadian law contract claims. Defendants recognize that in a typical case, many of these issues could be addressed through briefing and would not necessarily require *pro hac vice* admission of an attorney admitted in a foreign jurisdiction. Here, however, defendants anticipate issues of Canadian law will be a matter of great scrutiny and will possibly be ruled upon by the court at the preliminary injunction hearing. They state they require Mr. Josselyn at the counsel table to advise lead counsel about how testimony at the hearing relates to the Canadian-law framework under which the covenants should be analyzed. They also state that argument at the preliminary injunction

---

[5] *See* Order at 1, ECF No. 39.

hearing will be necessary to establish how Canadian law applies to the specific covenants at issue.

Notably absent from the supplemental brief, however, is any information about Mr. Josselyn's knowledge of the federal practice in the United States, including whether he is familiar with the Federal Rules of Civil Procedure and Federal Rules of Evidence or intends to become familiar with these rules throughout the course of this litigation. The court specifically ordered that supplemental briefing must contain this information. Nevertheless, given the legal issues involved in this case and the limited role for which defendants seek to have Mr. Josselyn admitted, the court finds that the motion should be granted but that Mr. Josselyn's role should be limited as follows:

Mr. Josselyn is admitted for the limited purpose of providing defendants with analysis and authorities concerning Canadian law and precedent relevant to the interpretation and validity of the employment non-competition provisions at issue and advising lead counsel as to what evidence may be relevant and helpful to the court's resolution of the Canadian contract claims. Mr. Josselyn may attend any and all hearings in this case, and he may sit at counsel's table during these hearings. He may also assist lead counsel with formulating questions for witnesses at any hearings or during trial. Lead counsel may consult with Mr. Josselyn when determining appropriate questions for deponents or when drafting discovery requests. However, given the lack of information concerning Mr. Josselyn's knowledge of federal law practice and procedure in the United States, Mr. Josselyn may not address the court directly absent leave of the court to do so. He may not sign pleadings or papers. He may not question witnesses during hearings, depositions, or at trial.

Additionally, D. Kan. Rule 83.5.4(b) provides, "An attorney admitted *pro hac vice* who, while practicing in this court under such admission, is charged in any court of the United States or of any state, territory or possession of the United States with the commission of a felony or with unprofessional conduct, must notify the clerk in writing within 14 days after service of process or notice to him or her of such charge." The court will modify this requirement to include any charge of unprofessional conduct related to Mr. Josselyn's foreign license to practice law or the commission of a serious crime within the United States or Canada.

Accordingly,

**IT IS THEREFORE ORDERED** that the motion for leave to appear *pro hac vice* is granted as limited in this order.

**IT IS SO ORDERED.**

Dated this 1st day of May, 2014, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge