IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AGJUNCTION, LLC, )<br>                                   )<br>        Plaintiff,    )<br>                                   )<br>v.                                   )<br>                                   )<br>AGRIAN INC., et al.    )<br>                                   )<br>       Defendants.    )<br>_____) | Case No. 2:14-CV-02069-DDC-KGS |

**RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR SANCTIONS UNDER 28 U.S.C. § 1927**

AgJunction, LLC, plaintiff in the above-captioned matter, submits its response in opposition to defendants' motion for sanctions under 28 U.S.C. § 1927. As outlined below, sanctions are not appropriate in this case.

**Nature of Defendants' Motion**

Defendants' motion for sanctions under 28 U.S.C. § 1927 is premised on (1) the assumption that two of plaintiff's claims were improperly filed, and (2) the contention that these two claims have been unreasonably and vexatiously maintained since filing. As discussed in the legal analysis section, below, the first contention does not provide a basis to sanction plaintiff under the statute. Defendants' evidence on the second contention falls woefully short of demonstrating that plaintiff's conduct unreasonably or vexatiously multiplied the proceedings. In short, defendants are asking this Court to sanction plaintiff's counsel because his analysis of plaintiff's claims differs from that of defense counsel. This Court should decline the invitation.

**Relevant Facts**

**I. Plaintiff's counsel should not be sanctioned for filing or pursuing claims against Derrick Anderson.**

Defendants ask this Court to sanction plaintiff's counsel for filing and pursuing the claim that defendant Derrick Anderson breached his confidentiality agreement with AgJunction. (Dkt. No. 164 at 1, 3 – 5.) According to defendants, this claim never should have been asserted, and it should have been abandoned shortly after June 9, 2014, at which point both Mr. Anderson and plaintiff's CEO had been deposed. (*See* Dkt. No. 164 at 4, 5, 11.) Defendants also contend that Derrick Anderson did not sign a confidentiality agreement, plaintiff misrepresented that he did so, and plaintiff misrepresented that "Attachment F" to the complaint contained Anderson's confidentiality agreement. (Dkt. No. 164 at 3.)

These are serious allegations, but they lack merit. Two different documents are relevant to whether Mr. Anderson contractually agreed to be bound by a confidentiality provision: an "Offer of Employment" and a "Confidentiality and Intellectual Property Agreement" incorporated by reference into the Offer of Employment.

Derrick Anderson's Offer of Employment is attachment F to the complaint. (Dkt. No. 1112-1, as filed under seal.) It contains a "Confidentiality and Non-Competition Agreement," and it is signed. (Dkt. No. 1112-1 at 51/53 and 52/53.) In its entirety, the Confidentiality and Non-Competition Agreement provision of the Offer of Employment states:

> As an employee of Ag Junction and now Hemisphere GPS, you have been, and will continue to be, knowledgeable, aware of and in possession of confidential information. *You continue to agree to accept and retain all such information in confidence, and at all times during or after the cessation of employment, not to disclose or reveal such information to others and to refrain from using such information for purposes other than those authorized* by Hemisphere GPS. You will continue to have the confidentiality, trade secret obligation and restraint of trade you owed to

> AgJunction prior to the Closing Date. *In addition,* and as is standard for all employees employed by the Corporation or any affiliate of the Corporation, *we require that you review, sign and return to us the Confidentiality and Intellectual Property Agreement* attached as "Appendix A" to this letter.

(Dkt. No. 112-1 at 51/53, emphasis supplied.) The Offer of Employment contains a signature block with the name "Derrick Anderson" typed underneath, and a signature on the signature line. (Dkt. No. 1112-1 at 52/53.) The last substantive sentence before the signature line states, "BY THE CLOSING DATE I WILL HAVE SIGNED AND RETURNED THE CONFIDENTIALTIY AND INTELLECTUAL PROPERTY AGREEMENT, INTENDING TO BE LEGALLY BOUND." (Dkt. No. 1112-1 at 52/53, emphasis is original.)

Anderson's Offer of Employment is attachment F to the original complaint. (Dkt. No. 112 – 1.) Anderson's Offer of Employment was also designated as exhibit 17 to Derrick Anderson's deposition. (Anderson Depo. at 4:4, 20:15 – 21:4, attached hereto as Ex. 1.)

Mr. Anderson's actual deposition testimony deviates from defendants' representations in their brief in material ways. According to defendants, Mr. Anderson testified "that he did not recall seeing or signing the agreement." (Dkt. No. 164 at 4.) But Mr. Anderson never testified that he did not recall seeing the Offer of Employment, or the Confidentiality and Non-Competition Agreement on page two of the Offer of Employment. In fact, quite the contrary is true. After identifying deposition exhibit 17 as his Offer of Employment, Mr. Anderson testified as follows in his deposition:

> Q. Did you sign this agreement?
>
> A. It doesn't look like my signature, compared to the next one.
>
> Q. Do you remember signing this document?
>
> A. *I remember seeing the document.* I do not remember signing it.

3

> Q. Do you remember reviewing the document? I'm sorry, *do you remember reviewing the document when you first received it?*
> A. *Um, yes.*

(Ex. 1, Anderson Depo., at 20:15 – 21:19, emphasis supplied.)

Mr. Anderson's testimony in the preliminary injunction hearing was even more striking:

> Q. First I would like to go to your employment agreement, please, P17. If you could take a look at that, Mr. Anderson, is that your employment agreement with Hemisphere GPS?
>
> A. It appears to be.
>
> Q. I'll go into the signature page. At your deposition you didn't recognize your signature, did you?
>
> A. No, I did not.
>
> Q. Do you deny that it's your signature?
>
> A. I don't deny it; it just doesn't look like my normal signature.
>
> Q. Are you sitting here today saying this is not your signature? You said it's not your normal signature. A lot of people sign different ways sometimes.
>
> A. That is correct and it may very well be my signature.

(Transcript of Preliminary Injunction Hearing at 404: 5 – 19, attached hereto as Ex. 2.)

Thus, even in the absence of a separate Confidentiality and Intellectual Property Agreement, the undisputed evidence is that Mr. Anderson recalled seeing the Confidentiality and Non-Competition Agreement in the Offer of Employment, and he did not deny executing the Offer of Employment. In fact, he testified that the signature on the Offer of Employment "may very well" be his signature. Defendants' insinuation that Mr. Anderson was ignorant of his contractual duty of confidentiality is off base. Likewise, Mr. Anderson did not deny receiving the Confidentiality and Intellectual Property Agreement, which was referred to as Appendix A to

4

the Offer of Employment, although he testified that he did not remember receiving it. (Ex. 1, Anderson Depo., at 31:22 – 32:2.)

There is no dispute that plaintiff's practice was to have all employees execute both the Offer of Employment and the Confidentiality and Intellectual Property Agreements. This procedure is anticipated in the Offer of Employment. (Dkt. No. 112-1 at 51/53 and 52/53.) As defendants admit, each of the other individual defendants had an executed Confidentiality and Intellectual Property Agreement" attached to his Offer of Employment. (*See* Dkt. No. 164 at 3.)

At the time plaintiff filed its motion to dismiss without prejudice, the case had only been on file for seven months and most of the discovery had been targeted toward the injunction hearing. Although plaintiff has searched diligently, discovery has not yet definitively answered the question of whether there is, is not, or never was, a signed copy of Mr. Anderson's Confidentiality and Intellectual Property Agreement in existence. The former officer and employee of plaintiff charged with obtaining these documents, and who signed off on these documents with the other defendants, has not been deposed.

Defendants also claim they are entitled to sanctions under 28 U.S.C. § 1927 because plaintiff's amended complaint "was substantially identical to Plaintiff's Original Complaint and contained completely identical allegations regarding Derrick Anderson's employment agreement." (Dkt. No. 164 at 5.) Plaintiff did, indeed, assert the same claims against Derrick Anderson in the two pleadings. That was not improper, however, and it does not entitle defendants to sanctions.

The amended complaint was filed in accordance with this Court's direction. As the Court will recall, defendants filed a motion to dismiss for failure to state a claim. (Dkt. Nos. 33 and 34.) Plaintiff filed a response in opposition. (Dkt. No. 41.) Those pleadings include a lively and

5

direct disagreement about whether plaintiff's claims for breach of the non-competition and non-solicitation agreements state viable claims under Canadian law. (*Compare* Dkt. No. 34 at 7 – 9 *with* Dkt. No. 41 at 10 – 14.) In its memorandum and order, this Court granted defendants' motion to dismiss Count II (breach of implied covenant of good faith and fair dealing) and Count IV (intentional interference with business advantage), but gave plaintiff leave to file an amended complaint within ten days to "rectify the shortcomings identified in the portions of this Order discussing these two claims." (Dkt. No. 91 at 16.) That is what plaintiff did in its amended complaint. (Dkt. No. 111.)

The Court denied defendants' motion to dismiss Count I, Count III, and Counts V – X. (Dkt. No. 91 at 16.) With respect to Count III (breach of contract by individual defendants), the Court specifically declined to reach the issue of whether non-compete provisions are unenforceable under Canadian law. (Dkt. No. 91 at 8.) Now defendants ask this Court to sanction plaintiff's counsel for continuing to pursue those claims against Mr. Anderson, and for filing an amended petition that continued to assert those claims. (Dkt. No. 164 at 5.) Such a sanction is not supported simply because defendants have reached a different conclusion than plaintiff believed it could prove.

Likewise, defendants claim they are entitled to sanctions against plaintiff's attorneys under 28 U.S.C. § 1927 because plaintiff's counsel did not respond to a letter written by defense counsel when, and how, defense counsel wanted him to. (Dkt. No. 164 at 6; *see* Dkt. No. 160-1.) The plain fact, however, is that plaintiff moved to voluntarily dismiss all claims in this case only seven months after filing the lawsuit, seven-and-one-half weeks after the Court issued its order denying injunctive relief, and exactly seven weeks after plaintiff's counsel wrote the letter filed at Dkt. No. 160-1. Plaintiff's motion to dismiss without prejudice was filed over five weeks

6

before defendants filed the instant motion asking the plaintiff's counsel be sanctioned under 28 U.S.C. § 1927.

## II. Plaintiff's counsel should not be sanctioned for filing or pursuing the non-compete and non-solicitation contract claims against all individual defendants.

Defendants also contend they are entitled to 28 U.S.C. § 1927 sanctions because plaintiff filed and pursued contract claims against all of the individual defendants, to the extent those contract claims are based on breaches of the non-compete and non-solicitation provisions of the individual defendants' employment contracts. (Dkt. No. 164 at 1, 6 – 7.) According to defendants, these claims should not have been brought in the first place, and they should have been abandoned before now (because defendants believe the claims are not viable under Canadian law, which both sides agree applies). (Dkt. No. 164 at 7.)

Defendants believe §1927 sanctions are warranted because plaintiff allegedly did not sufficiently research Canadian law before filing suit, defendants "briefed their position on the Canadian-law claims at every juncture possible," and this Court's order denying plaintiff's motion for a preliminary injunction found the non-compete and non-solicitation claims are "likely unenforceable under Canadian law." (Dkt. No. 164 at 6, 7.)

Defendants are correct in one respect. They have briefed their position on Canadian law at every juncture possible. Indeed, as noted above, the parties engaged in direct, pointed, and lively briefing on Canadian law back when defendants filed their motion to dismiss for failure to state a claim. (Dkt. No. 34 at 8 – 9 and Dkt. No. 41 at 12 – 14.)[1] Likewise, the parties again briefed Canadian law in the injunction briefing. (Dkt. No. 143 at 7 – 12 and Dkt. No. 144 at 15 - 18.) This Court did indeed rule that plaintiff is unlikely to prevail on the non-competition and non-solicitation claims because those claims are "likely unenforceable under Canadian law."

---

[1] The page numbers cite the pagination on the pleading, not on the ecf file stamp.

7

(Dkt. No. 145 at 20.)  To date, however—and despite opportunities to do so—this Court has not ruled that Canadian law precludes any of plaintiff's claims.  Thus, defendants are asking this Court to sanction plaintiff's attorneys for filing and pursuing contract claims that the Court finds "likely" to be unenforceable under Canadian law, but which have not been adjudicated to actually be unenforceable.  Even if the claims were adjudicated to be unenforceable, asserting a position in good faith that is ultimately decided against a litigant is not grounds for sanctions.

## Argument and Authorities

### I. Plaintiff's motion to voluntarily dismiss this lawsuit (coming only seven months after suit was filed, and over a month before the motion for sanctions was filed), renders the motion for sanctions moot.

Plaintiff filed its motion to dismiss this lawsuit without prejudice on September 15, 2014.  (Dkt. Nos. 152 and 153.)  At the time plaintiff sought voluntary dismissal, this lawsuit had only been on file for seven months.  (*See* Dkt. No. 1.)  Defendants filed the instant motion for sanctions under 28 U.S.C. § 1927 on October 24, 2014.  (Dkt. Nos. 163 and 164.)

These three facts, standing alone, demonstrate that the Court should not sanction plaintiff's counsel under 28 U.S.C. § 1927.  Sanctions under the statute are available only when an attorney acts "unreasonably" and "vexatiously" to multiply proceedings.  In this case, there was nothing unreasonable or vexatious about bringing claims, reevaluating those claims in light of the Court's denial of injunctive relief, and filing a motion to voluntarily dismiss—all within seven months, and all before defendants filed their motion for sanctions.

"Counsel is not expected to advance only arguments that he knows he can win.  To the contrary, counsel should advance his best arguments on behalf of his client, as long as they are objectively reasonable and founded in good faith."  *Sheldon v. Khanal,* 2010 U.S. Dist. LEXIS 101347, *10 (denying motion for sanctions under § 1927 and Rule 11).  Because § 1927 "is

8

penal in nature, the award should be made only in instances evidencing serious and standard disregard for the orderly process of justice." *Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1342 (10th Cir. 1998).

## II. Liability under the statute requires the unreasonable and vexatious multiplication of proceedings, which is not present in this case.

Sanctions under the federal statute are discretionary, and are only available where an attorney "so multiplies the proceedings in any case unreasonably and vexatiously…." 28 U.S.C. § 1927. Defendants have not identified an unreasonable or vexatious multiplication of proceedings by plaintiff's counsel. Instead, defendants presented a laundry list of the times plaintiff's counsel declined to do what defense counsel wanted, how she wanted it, and when she wanted it done. Rather than recognizing these situations for what they were—adversaries in litigation protecting the interests of their clients—defendants interpreted these differences of opinion as unreasonable conduct by plaintiff's counsel.

Defendants' allegations simply do not rise to the level of sanctionable conduct under 28 U.S.C. § 1927. In *Braley v. Campbell,* 832 F.2d 1504 (10th Cir. 2006), the Tenth Circuit articulated the standards for imposing sanctions under 28 U.S.C. § 1927. Conduct is sanctionable under § 1927 when counsel acts "recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law." *Id.* at 1511 (citation omitted). It is sanctionable when counsel is "cavalier" or "bent on misleading the court," where counsel acts with "reckless indifference to the merits of a claim," and when counsel acts "intentionally" but "without a plausible basis." *Id.* (citations omitted).

It is paramount that § 1927 "in no way will dampen the legitimate zeal of an attorney in representing his client." *Id.* at 1512 (citing a House of Representatives Conference Report). The "power to assess costs against an attorney under § 1927…is a power that must be strictly

9

construed and utilized only in instances evidencing a 'serious and standard [sic] disregard for the orderly process of justice.'" 832 F.2d at 1512 (citations omitted). The test is an objective one, allowing imposition of excess costs, expenses, or attorneys' fees against opposing counsel only where counsel's conduct, "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Id.*

*Miera v. Dairyland Ins. Co.* is also instructive. There, the Tenth Circuit found that the district court abused its discretion by imposing § 1927 sanctions, even though counsel failed to cite a key case, or respond to opposing counsel's reliance on that case. 143 F.3d at 1342-43. *See also Carman v. CBE Group, Inc.,* 782 F.Supp.2d 1223, 1236-38 (D.Kan. 2011) (denying § 1927 motion, despite contention that plaintiff had notice her claims lacked merit from the inception of the lawsuit, or at least during discovery, noting that plaintiff voluntarily withdrew targeted claims, and stating that neither negligence nor lack of merit warrants § 1927 sanctions).

### III. Allegations in the original complaint do not provide a basis for sanctions under 28 U.S.C. § 1927

Throughout their brief, defendants argue that the claims against Anderson, and the non-compete and non-solicitation claims against all individual defendants, should never have been brought. For example, they allege plaintiff lacked "even the barest of a minimally sufficient factual basis" to bring its claim against Derrick Anderson, and that plaintiff apparently "did no investigation of Canadian law prior to filing the lawsuit." (Dkt. No. 164 at 1, 7, 10.) They also discuss the original claims against Derrick Anderson in detail. (Dkt. No. 164 at 3 – 4, 9.)

These allegations do not support a motion for sanctions under 28 U.S.C. § 1927. It is well-settled in the Tenth Circuit that the statute "only applies to the multiplication of proceedings and not to the initiation of proceedings." *Steinert v. Winn Group, Inc.,* 440 F.3d 1214, 1224 (10th Cir. 2006).

In other words, liability under § 1927 cannot be imposed for filing a complaint, even if the complaint lacks merit.  *Id.* at 1224.  This is because the statute "covers only the multiplication of the proceedings in any case.  This unambiguous statutory language necessarily excludes the complaint that gives birth to the proceedings, as it is not possible to multiply proceedings until *after* those proceedings have begun."  *Id.* at 1224-25 (citations and internal quotations omitted; emphasis in original).

Under the facts of this case, defendants' claims related to the amended complaint do not fall within 28 U.S.C. § 1927 either.  As noted above, defendants' motion to dismiss for failure to state a claim challenged the same contract claim that defendants now ask this Court to sanction plaintiff for asserting.  (*See* pages 5 – 6, *supra*.)  This Court denied defendants' motion to dismiss plaintiff's contract claim.  Although it dismissed two of plaintiff's claims, and gave plaintiff leave to amend its complaint, the Court declined defendants' invitation to dismiss the contract claim.  As such, the fact that plaintiff did not amend or revoke the contract claim when it filed the amended complaint is not sanctionable.

Even if § 1927 sanctions were otherwise appropriate, defendants would not be entitled to sanctions related to plaintiff's initiation of proceedings or filing of the initial complaint.  This means that defendants are not entitled to most of the sanctions they requested, as a matter of law.  (*See* Dkt. No. 164 at 11, where defendants request: (a) all attorneys' fees and costs related to the Anderson claim and the non-compete and non-solicitation claims; or, "[a]t a minimum" (b) all costs and fees of Canadian counsel due to plaintiff's alleged failure to investigate Canadian law before filing suit; and (c) all U.S. counsel's fees related to defense of the allegedly "baseless allegations under Canadian law.")

11

On a related note, defendants' motion (Dkt. No. 163) requests sanctions against plaintiff "and/or its legal counsel." (Dkt. No. 163 at 1.) Under the plain terms of the statute, only an attorney "or other person admitted to conduct cases…" can be sanctioned under 28 U.S.C. § 1927. By definition, parties cannot be sanctioned under the statute.

Likewise, the other relief defendants request in their motion is largely unavailable under 28 U.S.C. § 1927. For example, defendants ask that this case be dismissed with prejudice. (Dkt. No. 163 at 1.) But as this Court recently recognized, dismissal is not an available sanction under 28 U.S.C. § 1927. *Berg v. Ayesh,* 2014 U.S. Dist. LEXIS 79167, *5 – 6 (D.Kan. 2014) (Crabtree, J.). The statute only provides for an award of "excess costs, expenses, and attorneys' fees…." 28 U.C.C. § 1927. It does not provide for dismissal, injunctive relief, or (as discussed above) for an award of attorneys' fees and expenses "since the lawsuit was filed." (Dkt. No. 163 at 1.)

**IV. Defendants' motion for sanctions incorrectly presumes that: (a) plaintiff's counsel should be sanctioned for analyzing the targeted claims differently than defendants do; and (b) sanctions are appropriate even though this Court rejected defendants' arguments in ruling on the motion to dismiss the targeted claims.**

Defendants' motion is based on the presumption that plaintiff's counsel should be sanctioned for analyzing the targeted claims differently than defendants do. Throughout their brief, defendants criticize plaintiff's counsel for filing and pursuing the claim against Anderson for breach of his contractual duty of confidentiality. In doing so, defendants focus on the missing Confidentiality and Intellectual Property Agreement, and disingenuously ignore the provisions of the Confidentiality and Non-Competition Agreement contained in Anderson's Offer of Employment. Defendants also overlook Anderson's testimony that he does not deny signing the Offer of Employment, and that the signature on that contract "may very well" be his.

12

(Ex. 2, Preliminary Injunction Transcript at 404: 5 – 19.)  Defendants' motion is premised on the assumption that Anderson did not undertake any contractual confidentiality and non-competition duties, but Anderson's testimony does not support the assumption.  A jury tasked with determining whether Anderson undertook contractual duties of confidentiality could decide this issue either way, under the evidence and permissible inferences.

Likewise, defendants criticize plaintiff's counsel for filing and pursuing the non-compete and non-solicitation claims against all defendants, because defendants contend these claims are not viable under Canadian law.  Again, defendants are asking this Court to sanction plaintiff's counsel for analyzing this claim differently than defendants do.  Defendants themselves pointed out that the parties briefed the Canadian law issue "at every juncture possible."  This litigation was only seven months old at the time plaintiff moved to voluntarily dismiss it.  Even assuming, *arguendo*, that plaintiff's position on Canadian law has been legally incorrect, there is no evidence that plaintiff's counsel used the claim to unreasonably or vexatiously multiply proceedings.  Also noteworthy are the facts that this Court denied defendants' motion to dismiss the contract claims without reaching the Canadian law issue, and even in its ruling on the injunction, it only determined plaintiff was unlikely to prevail, not that plaintiff could not prevail as a matter of law, or that plaintiff pursued its claims in the face of directly controlling law to the contrary.

Admittedly, this lawsuit has been very expensive for both parties.  Admittedly, the Court denied plaintiff's motion for injunctive relief, and in doing so, it expressed reservations about plaintiff's ability to prevail on the non-compete and non-solicitation claims under Canadian law.  These facts, however, do not lead to the conclusion that plaintiff's counsel acted unreasonably or vexatiously to multiply proceedings.  *See, e.g., Sheldon,* 2010 U.S. Dist. LEXIS 101347 at *10

(counsel not required to advance only arguments he knows he can win); and *ICE Corp. v. Hamilton Sundstrand Corp.,* 2010 U.S. Dist. LEXIS 32414, *21 (D.Kan. 2010) (argument by a party that the appropriate legal standard may apply differently under the circumstances is "nothing more than zealous advocacy" and is "not sanctionable conduct.").

Plaintiff's counsel should not be sanctioned for filing and prosecuting breach-of-contract claims that are supported by the facts, and by a good faith analysis of the applicable law. Even if defendants had prevailed on the merits, after a trial, filing and prosecuting claims that turn out to be unsuccessful does not entitle the opposing party to recover § 1927 sanctions from the losing party's attorneys. *E.g., Beech Aircraft Corp. v. EDO Corp.,* 922 F.Supp. 512, 515-16 (D.Kan. 1996) (denying § 1927 sanctions in intellectual property case where plaintiff was unsuccessful before Patent and Trademark Office, engaged in a "legitimate litigation tactic" concerning where appeal should be heard, and relied on case law, legislative history, and treatises, albeit in an unsuccessful legal argument, on appeal to district court). Such a rule would have a chilling effect on litigation. *E.g.,* (recognizing the "need to ensure that [§ 1927] does not dampen attorneys' zealous representation of their clients' interests…"). *E.g., Sheldon,* 2010 U.S. Dist. LEXIS 101347 at *4.

*Dreiling v. Peugeot Motors of Am., Inc.,* 768 F.2d 1159, 1165 (10th Cir. 1985) is an excellent example of a case in which counsel acted unreasonably and vexatiously, and sanctions were appropriate. There, the Tenth Circuit found that the district court did not abuse its discretion in awarding sanctions under § 1927. The complaint was filed in June 1981. *Id.* at 1160. A proposed second amended complaint was filed in October 1982, over a year later. *Id.* at 1161. The second amended complaint continued to name McMullin (a defendant in the original

14

complaint) as a defendant in the case, but it did not set forth any allegations against him, nor did it ask for any relief from him. *Id.*

During a hearing on plaintiff's motion for leave to amend, plaintiff's counsel admitted that plaintiff was no longer seeking relief from McMullin. *Id.* at 1161-62. Plaintiff's counsel admitted that the only place McMullin's name appeared in the proposed second amended petition was in the caption, and that plaintiff did not intend to proceed with any claims against McMullin. *Id.* at 1162. In fact, plaintiff's counsel admitted that McMullin could be dismissed because he was "no longer in the case" if the court granted plaintiff's motion for leave to file the second amended complaint. *Id.* at 1162.

Defendants filed a § 1927 motion against plaintiff's counsel. Plaintiff's counsel responded by sending a letter threatening to sue McMullin in state court or, in the alternative, to keep McMullin as a defendant in the federal lawsuit. *Id.* at 1163.

The Tenth Circuit determined that sanctions under § 1927 were justified because: (1) there was no showing any claim had ever existed against McMullin; (2) plaintiff's counsel exhibited bad faith in pursuing McMullin "for a year and several months" given the absence of evidence; (3) plaintiff's counsel sent the "threating letter" to McMullin's counsel; and (4) the threatening letter became even more "egregious" when coupled with counsel's admission that McMullin "could be dismissed because he was no longer in the case." *Id.* at 1163, 1166.

The facts in this case stand in stark contrast. The Court has already observed that "some evidence suggest[s] that defendants, at best, acted in an underhanded manner in their departure from and dealings with AgJunction." (Dkt. No. 147 at 10.) Unlike *Dreiling*, plaintiff had a basis for the claims it brought against each of the defendants. Unlike *Dreiling,* plaintiff moved to voluntarily dismiss the lawsuit, not for leave to file an amended complaint that kept some

15

defendants in by name only, and without stating any allegations against them. Unlike *Dreiling*, plaintiff moved to voluntarily dismiss its claims, and it did so shortly after injunctive relief was denied, not "a year and several months" later. And unlike *Dreiling,* plaintiff never sent a letter threatening to institute, or maintain, claims it previously admitted were totally lacking in merit.

### Conclusion

This Court should deny defendants' motion for sanctions under 28 U.S.C. § 1927. Plaintiff's motion for voluntary dismissal had already been on file over a month before defendants' motion for sanctions was filed. Liability under the statute requires the unreasonable and vexatious multiplication of proceedings, which plaintiff has not caused in this case. Moreover, allegations in the original complaint do not provide a basis for sanctions under § 1927. Parties cannot be sanctioned under the statute, and neither dismissal with prejudice nor injunctive relief is available, so the majority of the relief defendants seek is unavailable to them. Simply put, defendants are asking this Court to sanction plaintiff's counsel for analyzing the targeted claims differently than defendants do. That is an insufficient basis upon which to sanction counsel.

Respectfully submitted,

 */s/Teresa L. Adams*
Douglas D. Silvius, #13465
Teresa L. Adams, #16876
Martin, Pringle, Oliver, Wallace & Bauer, LLP
4700 Belleview, Suite 210
Kansas City, MO 64112
P: (816) 753-6006     F: (816) 502-7898
ddsilvius@martinpringle.com
tladams@martinpringle.com

*Attorneys for Plaintiff AgJunction LLC*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and accurate copy of the foregoing was served on this 14th day of November 2014, via the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                */s/ Teresa L. Adams*