## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

AGJUNCTION LLC,

          **Plaintiff,**

v.

AGRIAN INC., ET AL.,

          **Defendants.**

**Case No. 14-CV-2069-DDC-KGS**

## MEMORANDUM AND ORDER

On September 15, 2014, plaintiff filed a motion to dismiss (Doc. 152) this lawsuit under Fed. R. Civ. P. 41(a)(2).  Plaintiff requests dismissal without prejudice, but with the condition that if plaintiff ever refiles the claims it asserts in the First Amended Complaint, all pleadings, discovery, testimony, orders, rulings, or any other substantive matters from these proceedings will be binding in the later filed case.  Defendants filed a response (Doc. 160) opposing plaintiff's motion.  Defendants argue that the Court should deny plaintiff's motion entirely.  In the alternative, defendants argue that the Court should require plaintiff to dismiss its claims *with* prejudice, or, if the Court grants the motion *without* prejudice, it should impose additional conditions on the dismissal.  After considering the parties' arguments and the relevant law, the Court grants plaintiff's motion to dismiss without prejudice, but imposes certain conditions.[1]

---

[1] Defendants request oral argument on plaintiff's motion to dismiss.  D. Kan. Rule 7.2 states that "[t]he court may set any motion for oral argument or hearing at the request of a party or on its own initiative." The discretion to conduct oral argument rests with the Court.  The Court concludes that oral argument will not materially aid plaintiff's motion to dismiss and is unnecessary.  The Court therefore denies defendants' request.

## I.   Background

Plaintiff AgJunction filed this lawsuit (Doc. 1) on February 16, 2014, asserting claims against defendants Agrian and five former AgJunction employees (the "Employee Defendants"). Broadly, plaintiff alleges that defendants conspired to steal its proprietary "precision ag" software code and used it to develop a competing precision ag product.  On March 26, 2014, plaintiff filed a motion for preliminary injunction (Doc. 25), which the Court set for a two-day hearing starting on June 24, 2014.

The Court permitted the parties to conduct discovery for the preliminary injunction hearing.  Defendants assert, and plaintiff does not dispute, that the parties have conducted 13 depositions, exchanged over 25,000 documents in response to seven total document requests, exchanged software code, and hired expert witnesses.  In addition, defendants filed a motion to dismiss two defendants for lack of personal jurisdiction (Doc. 19), which the Court granted (Doc. 140), and a motion to dismiss for failure to state a claim (Doc. 33), which the Court granted in part and denied in part (Doc. 91).

The Court held a two-day hearing on plaintiff's motion for preliminary injunction on June 24 and 25, 2014.  At the hearing, both parties called multiple witnesses, including experts. The Court also heard argument from defendants' Canadian counsel, Mark Josselyn, about the enforceability of certain non-competition agreements, which are governed by Canadian law, that four of the five Employee Defendants signed.  At the conclusion of the hearing, the Court granted leave for the parties to file supplemental briefing supporting or opposing plaintiff's preliminary injunction motion.  The Court ultimately denied plaintiff's motion for preliminary injunction on July 23, 2014 (Doc. 145).

After the Court denied plaintiff's motion, Judge Sebelius set a scheduling conference for August 27, 2014 (Doc. 146).  The parties conferred and made their Rule 26 initial disclosures.  The parties also negotiated a protocol for storing electronically stored information, and defendants assert that they spent "significant funds" forensically imaging all of the Employee Defendants' personal computing devices.  Doc. 160 at 7; *see* Doc. 151-1.  At the August 27, 2014 Scheduling Conference, Judge Sebelius imposed an April 17, 2015 discovery deadline.  Judge Sebelius also allowed the parties to serve 40 additional interrogatories and take 30 additional depositions.  He set the pretrial conference for May 6, 2015.  This case is scheduled for trial on February 2, 2016.

After the Scheduling Conference, the parties began discussing "potential business resolutions to the dispute."  Doc. 160 at 7.  Apparently finding those discussions unproductive, plaintiff filed its motion to dismiss this lawsuit without prejudice under Rule 41(a)(2) on September 15, 2014.  Plaintiff asserts that it "has elected to pursue other business solutions for these claims rather than continuing the ongoing cost and expense to all parties in pursuing the uncertain and expensive recovery of damages for the conduct of the defendants."  Doc. 153 at 3.  Plaintiff seeks dismissal without prejudice because it wants to be able to reassert its claims if it discovers additional evidence against defendants, although it states it is "unlikely" to do so.  Doc. 153 at 4.  Defendants filed a response opposing defendants' motion, and plaintiff filed a reply.[2]

---

[2] Defendants filed a motion (Doc. 165) objecting to two aspects of plaintiff's reply.  First, plaintiff attached an e-mail to its reply (Exhibit #3 to Doc. 161) in which defendants' counsel proposed using a mediator who charged $20,000 for his services.  Defendants seek leave to supplement the record, arguing that plaintiff omitted attachments stating the costs for two other mediators defendants proposed using.  Second, plaintiff attached an e-mail (Exhibit #1 to Doc. 161) in which defendants' counsel said it would not agree to a dismissal without prejudice.  Defendants argue this e-mail constitutes confidential settlement negotiations and ask the Court to strike the exhibit and related argument.  After considering defendants' motion, the Court determine that neither the cost of the proposed mediators in Exhibit #3 nor the alleged settlement negotiations in Exhibit #1 are germane to the Court's decision on plaintiff's motion to dismiss.  As a result, the Court denies defendants' motion as moot.

In addition, defendants filed two motions for sanctions, one under 28 U.S.C. § 1927 (Doc. 163) and the other under Fed. R. Civ. P. 11 (Doc. 174).  The Court denied those motions in an order (Doc. 189) filed concurrently with this order.

## II.  Legal Standard

Fed. R. Civ. P. 41(a)(2) permits a plaintiff to dismiss a case voluntarily "only by court order, on terms that the court considers proper."  "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (internal citation omitted). District courts normally should grant a Rule 41(a)(2) dismissal without prejudice "[a]bsent 'legal prejudice' to the defendant." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

"Prejudice does not arise simply because a second action has been or may be filed against the defendant . . . ." *Brown*, 413 F.3d at 1124.  Rather, prejudice is a function of other, practical factors including:  the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation. *Id.*  "These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case." *Id.*  "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Ohlander*, 114 F.3d at 1537.

In deciding whether to grant plaintiff's motion to dismiss without prejudice, "the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *Cnty. of Santa Fe, N.M. v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1048 (10th Cir.

2002) (internal quotation marks omitted).  A court should not consider the "convenience of the court" in deciding a Rule 41(a)(2) motion to dismiss.  *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993).

Rule 41(a)(2) permits a court to impose "terms and conditions as the court deems proper."  *Brown*, 413 F.3d at 1123 (internal citation omitted).  The conditions should keep the parties in the same position in a subsequent lawsuit that they occupied before the plaintiff filed its motion to dismiss.  *Pyles v. Boeing Co.*, 109 F. App'x 291, 294 (10th Cir. 2004) ("Because the magistrate judge carefully crafted the conditions of her order to maintain the position that the parties had held before plaintiff's motion, we hold that there has been no abuse of discretion.").  When a court decides to impose conditions, it must give the plaintiff an opportunity to withdraw its request for dismissal.  *Hall v. Great S. Bank*, No. 09-2600-CM, 2010 WL 4366110, at *1 (D. Kan. Oct. 28, 2010); 9 Charles Alan Wright et al., *Federal Practice and Procedure* § 2366 (3d ed. 2013) ("If the conditions are too onerous, the plaintiff need not accept the dismissal on those terms.").

### III. Discussion

Plaintiff asks the Court to dismiss this lawsuit without prejudice, but with the condition that if plaintiff ever refiles the claims it asserts in the First Amended Complaint, "all pleadings, discovery, testimony, Orders or Rulings or any other substantive matters from these proceedings [will] be binding in any later filed action of the same claims . . . ."  Doc. 153 at 4.  Defendants argue that the Court should deny plaintiff's motion to dismiss.  In the alternative, defendants ask the Court to require plaintiff to dismiss its claims *with* prejudice.  Finally, defendants argue that if the Court permits plaintiff to dismiss its claims without prejudice, it should impose additional conditions.

### A.  Legal Prejudice Analysis

The Court must determine whether defendants will suffer legal prejudice if the Court dismisses this case without prejudice.  If not, the Court should grant plaintiff's motion. *Ohlander*, 114 F.3d at 1537.  The Tenth Circuit has identified four non-exhaustive, non-conclusive factors a district court should consider when evaluating legal prejudice:  (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the movant; (3) insufficient explanation of the need for dismissal; and (4) the present state of the litigation. *Brown*, 413 F.3d at 1124.  Defendants argue that the following additional factors are relevant to the legal prejudice analysis in this case:  (5) the expenses that will likely be duplicated in a second suit; (6) the harm to defendants' business and reputation caused by the threat of potential future litigation; (7) defendants' ability to pursue a malicious prosecution claim against plaintiff; (8) the possibility that evidence will deteriorate by the time plaintiff refiles this lawsuit; and (9) the prejudice that the threat of future litigation causes third parties associated with this case.  Because our Circuit has directed this Court to consider factors besides those explicitly endorsed by the Tenth Circuit, the Court will consider defendants' proposed factors. *Id.*  There is some overlap between these factors, but the Court addresses each one below.

### 1.  Defendants' Effort and Expense in Preparing for Trial and the Likelihood of Duplicative Expenses

The Court begins with factors (1) and (5), defendants' effort and expense in preparing for trial and the likelihood defendants will incur duplicative expenses if plaintiff refiles the same claims it asserts here.  The parties on both ends of this case's caption have incurred significant expense.  Plaintiff and defendants assert that they each have spent more than $1 million in legal fees, and the Court has no reason to doubt them.  The parties litigated a contentious preliminary

injunction hearing, which involved extensive briefing and a significant amount of discovery.  For these reasons, defendants argue that their effort and expense in preparing for trial weighs heavily against plaintiff's motion to dismiss without prejudice.

However, the fact that defendants have incurred over $1 million in attorney's fees and expenses does not mean this factor automatically tilts in their favor.  Defendants incurred the vast majority of these fees defending and preparing for the preliminary injunction hearing.  But the relevant inquiry asks about defendants' effort and expense preparing for *trial*.  Courts have recognized a distinction between trial preparation and preparation for a preliminary injunction hearing.

In *Ascentive, LLC v. Opinion Corp.*, No. 10 Civ. 4433, 2012 WL 1569573, at *1, *5-6 (E.D.N.Y. May 3, 2012), the defendant incurred approximately $200,000 in fees and expenses successfully defending a preliminary injunction motion that included a two-day hearing. However, the district court considered as a factor "the extent to which the suit has progressed, including the effort [the defendant] has spent in preparation for trial" and found that this factor weighed in favor of the plaintiff in part because the defendant "does not contend . . . that it has expended any effort in preparation for *trial*."  *Id.* at *5 (emphasis added); *see also UnitedGlobalcom, Inc. v. McRann*, No. 01-cv-2354-EWN-MJW, 2007 WL 915495, at *10 (D. Colo. Mar. 23, 2007) (holding that even though the defendant defeated a motion for preliminary injunction, the defendant had "spent little to no money *preparing for trial*" (emphasis in original)).  Similarly here, the parties incurred the vast majority of the total expenses in this case preparing for the preliminary injunction hearing, not trial.

Defendants cite to our Court's decision in *103 Investors I, L.P. v. Square D Co.*, 222 F. Supp. 2d 1263 (D. Kan. 2002), to support their argument that the expense and effort factor

weighs in their favor.  In *103 Investors*, Judge Vratil denied the plaintiff's motion to dismiss without prejudice in part because the defendant "deposed multiple fact witnesses and two experts witnesses, and prepared expert reports."  222 F. Supp. 2d at 1271.  However, the defendant in *103 Investors* deposed the fact witnesses and prepared expert reports in preparation for *trial*. Judge Vratil noted that the plaintiff filed its motion to dismiss on the modern equivalent of "the eve of trial"—less than three months before the scheduled trial date—and that the defendant had already filed a *Daubert* motion and a motion for summary judgment.  *Id.*  In contrast, the Court set this case's trial for February 2, 2016, over a year away, and neither party has filed a summary judgment motion or motions in limine.  Even though defendants have spent a significant amount of money on this case, they incurred most of their expenses preparing for the preliminary injunction hearing, not trial.  For that reason, the effort and expense factor does not weigh heavily in defendants' favor.

Furthermore, the Tenth Circuit has held that courts should look more favorably on a plaintiff's motion to dismiss without prejudice when much of the work the parties have done in a lawsuit can be reused in a second suit.  In *Brown v. Baeke*, the Tenth Circuit affirmed a lower court ruling that the effort and expense the defendants had put into the case did not warrant denying the plaintiffs' motion to dismiss because (1) the parties could use much of the discovery in a second lawsuit and (2) the lower court permitted the defendants to seek reimbursement for duplicative expenses they would incur in a second suit.  413 F.3d at 1126.  Other courts agree that the ability to reuse work in a subsequent lawsuit involving the same claims weighs in favor of granting a motion to dismiss without prejudice.  *E.g.*, *Unitek Solvent Servs., Inc. v. Chrysler Grp., LLC.*, Civil No. 12-704, 2014 WL 5528234, at *4 (D. Haw. Oct. 31, 2014) ("In weighing Chrysler's effort and expense in preparing its case here, the Court concludes that this factor is

8

neutral because most of the fruits of that effort and expense should be transferable to [a second] proceeding."); *Thompson v. Columbus Life Ins. Co.*, No 2:05-CV-630-KJD-LRL, 2007 WL 1174858, at *2 (D. Nev. Apr. 19, 2007) ("[The defendant] can only seek costs and fees for work which cannot be used in any future litigation of these claims."); *Pharmacia & Upjohn Co. v. Generation Health*, No. 1:97-cv-259, 1998 WL 993658, at *7 n.6 (W.D. Mich. May 18, 1998) ("The court is aware of no reason why discovery which has been done in this case could not be utilized if this action is refiled at some point in the future . . . .").

The parties have taken 13 depositions and exchanged over 25,000 pages of documents in this case. Plaintiff argues that the parties could reuse the discovery conducted so far in a second lawsuit. Defendants disagree, asserting that "all" of the claims in this case involve each side's precision ag software code which AgJunction and Agrian are constantly updating. Doc. 160 at 16. For that reason, defendants argue that proceedings based on the software at issue in this case would be "utterly useless" in a second lawsuit and duplicate expenses would be necessary because each side's experts would have to analyze and testify about updated code. *Id.* Defendants also argue that there are "intrinsic costs associated with resurrecting old discovery" for use in a second lawsuit, but fail to identify these expenses specifically or argue they will be significant. *Id.*

The Court agrees with plaintiff that the parties meaningfully could use much of the discovery taken to date in a second suit. Contrary to defendants' argument, not all of plaintiff's claims require it to prove that defendants stole its software code—plaintiff brings claims for breach of the covenant of good faith and fair dealing (Count II), breach of contract (Count III), tortious interference with business advantage (Count IV), breach of the duty of loyalty (Count

VII), breach of fiduciary duty (Count VIII), tortious interference with employment contracts (Count IX), and conspiracy (Count X), none of which depend on proving code theft.

Furthermore, the fact that both AgJunction and Agrian will change their precision ag code does not mean that the code-related discovery and analysis done to date is "utterly useless." This discovery has served its purpose:  it helped defendants' defeat plaintiff's motion for preliminary injunction.  Furthermore, defendants assert that the code-related discovery here would be unhelpful in a second suit, but it is unclear if this discovery would continue to be useful in *this* case.  Discovery is not closed, and defendant Agrian admitted at the preliminary injunction hearing that its precision ag software was not ready for market.  If this case continues, plaintiff may wish to obtain and analyze an updated version of Agrian's code for evidence of copying.  Finally, the Court is not convinced that an older version of a piece of software is "utterly useless" to a factfinder in determining whether defendants copied plaintiff's software. Defendants' argument that the code-related discovery and analysis done to date will lead to duplicative expenses in a second suit is speculation at this point.

Nevertheless, the Tenth Circuit in *Brown v. Baeke* affirmed the lower court's decision granting the plaintiff's motion to dismiss without prejudice for two reasons:  (1) because much discovery could be used in a second case; *and* (2) because the lower court granted the defendants the ability to recover duplicative expenses.  413 F.3d at 1126; *see also Kan. Waste Water, Inc. v. Alliant Techsystems, Inc.*, No. 01-2236-JWL, 2002 WL 1634362, at *2 (D. Kan. May 31, 2002) ("[T]he court believes that any further prejudice can be cured by requiring plaintiff to pay defendant's duplicative expenses.").  The Court will take a similar approach here:  plaintiff must compensate defendants for certain duplicative expenses in a second lawsuit.  At the end of any subsequent lawsuit where plaintiff asserts the same claims as here, defendants may make a

detailed showing to this Court of expenses they incurred in the second suit that they would have avoided had the Court decided this case on the merits.  The Court may then order plaintiff to compensate defendants for expenses they incurred twice.  The Court does not envision significant duplicative expenses and does not wish to allow defendants free rein to argue every conceivable expense.  As a result, the Court limits defendants' possible recovery to two narrow categories:  (1) fees and expenses to discover and analyze updated versions of each side's precision ag software; and (2) fees and expenses incurred to refile an answer, the only document the Court envisions defendants will have to file in both this case and in a subsequent case.  The Court retains jurisdiction over this matter to entertain such a motion.  *See Conley v. Dickson*, No. 06-4017-SAC, 2006 WL 3241114, at *1 (D. Kan. Nov. 7, 2006) (holding that "[t]he court will retain jurisdiction to entertain a motion by defendant for fees " after granting a Rule 41(a)(2) dismissal without prejudice).

The parties have expended significant resources here.  However, the vast majority of the parties' efforts went toward litigating a preliminary injunction motion, not preparing for trial.  Furthermore, the majority of the discovery taken so far can be reused if plaintiff files a second lawsuit, and the Court is imposing a condition allowing defendants to recover certain duplicative expenses if plaintiff later refiles the claims it asserts here.  For these reasons, the Court concludes that the expense and effort and duplicative expenses factors weigh in favor of granting plaintiff's motion to dismiss without prejudice.

### 2.   The Present State of the Litigation

The Court next considers the present state of this case.  Defendants argue that the extensive discovery conducted to date, coupled with the fact that the Court held a full preliminary injunction hearing means that this case "is not in its infancy . . . ."  Doc. 160 at 14.

The Court agrees, but neither is this case on the eve of trial.  Trial is set in this case for February 2, 2016, and the Court has not held the final pretrial conference yet.  Neither party has filed a motion for summary judgment.  And, although the parties have engaged in discovery, they have not completed that process.

Defendants argue that "the vast majority of the significant fact finding in this case is complete."  Doc. 160 at 10.  However, the Scheduling Order allows each side a maximum of 40 additional interrogatories and 30 additional depositions.  Defendants concede that "the parties planned for a number of additional depositions," and they requested that Judge Sebelius increase the maximum number of permissible depositions from 15 to 30.  Doc. 160 at 10.  Furthermore, defendants themselves identify a significant amount of additional discovery because they ask the Court to require plaintiff to preserve information on the digital devices owned by the following people "who likely have relevant information":  Rick Heiniger, Landon Morris, Jeff Farrar, Wes Dittmar, Devron Von Gunden, Robert Owens, Alex Webb, Josh Gattis, Charlie Wohlers, all AgJunction board members, and all other AgJunction employees listed on plaintiff's Rule 26 disclosures.  Doc. 160 at 28.  The Court will discuss the merits of defendants' request below, but for purposes of this factor there is sufficient evidence for the Court to conclude that the parties will conduct significant additional discovery if this case continues.

Under similar circumstances, district courts in other jurisdictions have concluded that the state of the litigation weighs in favor of granting the plaintiff's motion to dismiss without prejudice.  *E.g.*, *Ascentive, LLC*, 2012 WL 1569573, at *5-6 (granting motion to dismiss without prejudice even though the defendant had spent more than $200,000 defending against the plaintiff's preliminary injunction motion because "much discovery—including the taking of additional depositions—remains to be completed, no pre-trial conference has been held, and a

trial date has yet to be set."); *Brennan's, Inc. v. Brennan*, No. 3:06CV694TSL-JCS, 2009 WL 5170173, at *2 (S.D. Miss. Dec. 18, 2009) (granting motion to dismiss without prejudice even though the court denied the plaintiff's motion for preliminary injunction and "the proceedings relative to the preliminary injunction motion were rather extensive, involving a lengthy presentation of evidence and resulting in the issuance of a detailed opinion in which the court plainly held that [the plaintiff] had no likelihood of success on the merits of its claims."); *Pharmacia & Upjohn Co.*, 1998 WL 993658, at *2-3 (granting motion to dismiss without prejudice even though "[t]he court harbors no doubt that the parties have devoted substantial effort and expense to the litigation of this case to date, due in large part to [the plaintiff's] vigorous pursuit of a preliminary injunction early in the action.").

Defendants cite several cases where courts denied motions to dismiss without prejudice when the parties had taken a significant amount of discovery, but those cases are fundamentally different from this case.  In two of them, the plaintiffs sought to dismiss the case and proceed in state court at a relatively late stage of the federal litigation.  *Virgil v. Montgomery*, 353 F. Supp. 2d 620, 623 (E.D.N.C. 2005) ("The Court suspects that the true purpose of Plaintiff's motions is to strip this Court of jurisdiction over this matter."); *Holbrook v. Andersen Corp.*, 130 F.R.D. 516, 521-22 (D. Me. 1990) (noting the plaintiffs' "attempt to evade, for tactical purposes, the jurisdiction of this Court" and also that "there is a virtual certainty" that the defendant would face significant duplicative expenses in a second suit).  The other cases defendants cite involve situations in which the plaintiffs were clearly trying to avoid an adverse dispositive ruling.  *Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 993 (E.D. Va. 1998) ("In addition to the effort and expense defendant has expended in discovery, defendant has obtained the benefit of an adverse ruling stemming from plaintiff's lack of diligence, as well as the

potential foreclosure of other rights, which together may be dispositive of plaintiff's claim.");
*Davis v. Huskipower Outdoor Equip., Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) (affirming the
district court's denial of the plaintiff's motion to dismiss without prejudice because the plaintiff
filed his motion after the magistrate judge issued a report recommending that the court dismiss
his claims with prejudice); *Hall v. Sunjoy Indus. Grp., Inc.*, 764 F. Supp. 2d 1297, 1301 (M.D.
Fla. 2011) (noting that the plaintiffs "appear to attempt to avoid Sunjoy's summary judgment
motion by filing a motion to dismiss without prejudice."). In contrast here, plaintiff does not
seek to dismiss this case to avoid an adverse dispositive ruling or to proceed in state court.

The Court concludes that the state of the litigation factor weighs in favor of granting
plaintiff's motion to dismiss in this case because much discovery remains to be completed, no
party has filed a motion for summary judgment, and trial is over a year away.

### 3. Plaintiff's Explanation of the Need for Dismissal

The Court next considers plaintiff's explanation for its need to dismiss this case. Plaintiff
asserts that it seeks to dismiss this lawsuit because the Court has denied its motion for
preliminary injunction, the main relief it sought. Plaintiff alleges that it "has elected to pursue
other business solutions for these claims rather than continuing the ongoing cost and expense to
all parties in pursuing the uncertain and expensive recovery of damages for the conduct of the
defendants." Doc. 153 at 3. Defendants contend this explanation is not "satisfactory" and argue
that the Court should not allow plaintiff "to hold the threat of litigation over [defendants] for
years to come." Doc. 160 at 12. The Court disagrees.

First, "[p]rejudice does not arise simply because a second action has been or may be filed
against the defendant . . . ." *Brown*, 413 F.3d at 1124. Furthermore, plaintiff's decision to drop
this expensive lawsuit and pursue other solutions to its claims against defendants is a reasonable

one. *Accord Ascentive, LLC*, 2012 WL 1569573, at *6 (holding that the plaintiff's explanation to dismiss "simply because it is no longer in its economic interests to proceed with its claims" is "perfectly reasonable."). Indeed, courts frequently encourage litigants to continue to assess their position as a case unfolds. The Court will not punish plaintiff because it apparently engaged in the very critical analysis we so regularly encourage. The Court finds that plaintiff's explanation of its desire to dismiss weighs in favor of granting its motion to dismiss without prejudice.

### 4. Plaintiff's Excessive Delay and Lack of Diligence in Moving to Dismiss

The Court next considers plaintiff's diligence in filing its motion to dismiss. Plaintiff argues that it seeks to dismiss this action because the Court denied the relief it wanted: a preliminary injunction. The Court denied plaintiff's motion for preliminary injunction on July 23, 2014. Plaintiff filed its motion to dismiss on September 15, 2014. The gap of about seven weeks between the day the Court denied plaintiff's desired relief and the day plaintiff filed its motion to dismiss is not unreasonable. *Accord Ascentive LLC*, 2012 WL 1569573, at *4 ("It cannot be said that the nearly month and a half delay from the time of issuance of the Court's decision [denying the plaintiff's motion for preliminary injunction] and the filing of [the plaintiff's motion to dismiss] was unreasonable."); *Oneida Nation of N.Y. v. Paterson*, 279 F.R.D. 76, 78 (N.D.N.Y. 2012) (holding that the plaintiff "was diligent in bringing this motion for voluntary dismissal without prejudice" when the plaintiff filed its motion two months after the court vacated the preliminary injunction).

Defendants argue that the delay caused significant harm because plaintiff acted like it wished to continue to litigate this case even after the Court denied its preliminary injunction motion. Defendants claim they incurred "over $70,000 in attorneys' fees and over $6,300 in additional expenses" from July 10 through the time plaintiff filed its motion to dismiss. Doc.

160 at 14.  However, the time frame of July 10 through the day plaintiff filed its motion to dismiss is not entirely relevant because the Court did not deny plaintiff's motion for preliminary injunction until July 23, 2014.  Furthermore, although plaintiff caused defendants to incur some expenses because plaintiff continued to act like it would pursue its claims, defendants concede that the parties also were working to try to resolve the case during this time.  Finally, defendants do not argue that the work they did between July 10 and the day plaintiff filed its motion to dismiss is unusable in a future lawsuit.  The Court concludes that plaintiff was reasonably diligent in moving to dismiss this case, which weighs in favor of granting plaintiff's motion to dismiss without prejudice.

### 5. Remaining Factors

None of the four remaining factors put forth by defendants weigh in their favor.  First, defendants argue that the threat of future litigation will harm defendants' business and reputation.  The prospect of a second lawsuit by itself does not cause legal prejudice in the Tenth Circuit.  *Brown*, 413 F.3d at 1124.  Nevertheless, defendants cite *Deere & Co. v. MTD Holdings, Inc.*, No. 00 Civ. 5936(LMM), 2004 WL 1432554, at *2 (S.D.N.Y. June 24, 2004), where the district court held that "operating a business under the constant threat of litigation . . . would clearly be prejudicial . . . ."  In *Deere*, the plaintiff sued the defendant for selling green and yellow lawn and garden products that allegedly infringed and diluted the plaintiff's trademarks and trade dress.  *Id.* at *1.  The Court denied the plaintiff's motion to dismiss without prejudice in part because it would be unfair to the defendant if "every time it manufactured a new product using green and yellow it was threatened with the revival of this litigation . . . ."  *Id.* at *2. Defendants argue that this case is similar because if the Court grants plaintiff's motion without prejudice, they face the possibility of a lawsuit every time defendant Agrian sells its precision ag

software.  While this unfortunate reality may be true, the differences between this case and

*Deere* outweigh the similarities.  In *Deere*, the parties had completed discovery and were ready

to proceed to trial, the case was four years old, and the Court had granted a motion for summary

judgment dismissing the majority of the plaintiff's claims.  *Id.*  Here, significant discovery

remains, this case has been pending for less than a year, and defendants have not filed a motion

for summary judgment.  Under the circumstances of this case, the potential harm to defendants'

business and reputation does not warrant denying plaintiff's motion to dismiss without prejudice.

Second, defendants make a similar argument that the threat of future litigation will harm

third parties who may face litigation holds because they possess evidence relevant to this lawsuit.

Defendants cite no authority that a court should consider harm to third parties in deciding a Rule

41(a)(2) motion to dismiss.  Even if considering third parties is proper, the Court will not deny

plaintiff's motion simply because certain third parties may have to retain documents until the

statutes of limitations run on plaintiff's claims.

Third, defendants ask the Court to deny plaintiff's motion to dismiss because granting it

will prevent defendants from pursuing a malicious prosecution claim against plaintiff.

Defendants assert that California law governs their malicious prosecution claim and that the

cause of action in California requires a judgment on the merits, which a Rule 41(a)(2) dismissal

is not.  Even assuming defendants are correct on these points, the Court will not force plaintiff to

continue to litigate this action simply to preserve a possible malicious prosecution claim.  The

Court does not believe defendants have a substantial likelihood of success on this claim.

Defendants continue to maintain that plaintiff's conduct in this case deserves punishment, but the

Court disagrees.  The Court denied defendants' two motions for sanctions, and while it denied

plaintiff's motion for preliminary injunction, the Court has never expressed the view that

plaintiff's claims were specious.  To the contrary, the Court's injunction order noted, "AgJunction has produced some evidence suggesting that defendants, at best, acted in an underhanded manner in their departure from and dealings with AgJunction."  Doc. 145-1 at 10.

Defendants cite two cases where courts denied motions to dismiss without prejudice because granting the motions would have precluded a malicious prosecution claim.  *Selas Corp. of Am. v. Wilshire Oil Co. of Tex.*, 57 F.R.D. 3, 6 (E.D. Pa. 1972); *In re Sizzler Rests. Int'l, Inc.*, 262 B.R. 811, 821-22 (Bankr. C.D. Cal. 2001).  However, both cases emphasized that they "do not mean to imply that by . . . professing an intention to [file a claim for malicious prosecution], any defendant may defeat any motion for dismissal without prejudice."  *Selas Corp.*, 57 F.R.D. at 7; *In re Sizzler*, 262 B.R. at 822 (quoting *Selas Corp.*, 57 F.R.D. at 7).  Rather, those courts held that under the circumstances of the cases before them, they would permit the defendants the right to be heard on their malicious prosecution claims.  Under the circumstances of this case, the Court will not require plaintiff to continue to pursue its claims simply to preserve a potential malicious prosecution cause of action the Court believes is unlikely to succeed.

Finally, defendants argue that evidence or testimony could deteriorate by the time plaintiff refiles the claims in this lawsuit.  As plaintiff points out, statutes of limitations are designed to prevent this very harm.  *Admire Bank & Trust v. City of Emporia*, 829 P.2d 578, 586-87 (Kan. 1992) (holding statutes of limitations "spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost . . . .").  All of plaintiff's claims are subject to statutes of limitations, which sufficiently protect defendants from the risk that the relevant evidence could deteriorate.

* * *

Based on the foregoing factors, the Court concludes defendants will not suffer legal prejudice if it grants plaintiff's motion to dismiss without prejudice. To mitigate any prejudice that may occur, the Court requires plaintiff to reimburse defendants for certain duplicative expenses they may incur in a second lawsuit involving the claims plaintiff asserts here.

**B. Conditions on Dismissal**

Defendants argue that the Court should impose three additional conditions if it decides to grant plaintiff's motion to dismiss without prejudice: (1) a limited window for refiling; (2) attorney's fees; and (3) discovery protections.[3]

**1. Limited Window for Refiling**

Defendants ask the Court to limit the amount of time plaintiff has to refile the claims in this lawsuit to alleviate "the prejudice suffered by the threat of perpetually pending litigation." Doc. 160 at 25. However, "[p]rejudice does not arise simply because a second action has been or may be filed against the defendant . . . ." *Brown*, 413 F.3d at 1124. In addition, the relevant statutes of limitations already limit the time when plaintiff may reassert its claims.

Defendants appear to argue for an extremely circumscribed window—30 or 60 days. For support, defendants cite *Brown v. Baeke*, where the Tenth Circuit affirmed the trial court's decision requiring the plaintiffs to refile their claims within 30 days of dismissal. 413 F.3d at 1123-24. However, *Brown* involved unusual circumstances that this case does not present. There, one of the lawyers representing the plaintiffs had to resign due to "grave personal problems," and the plaintiffs found themselves on the eve of trial without an expert witness.

---

[3] Defendants also ask the Court to expedite the discovery and trial schedule to resolve this case on the merits as soon as possible, to require the parties to mediate, or to dismiss this case with prejudice. The Court declines to order any of these three options. In the Tenth Circuit, a court ordinarily should grant a voluntary dismissal without prejudice absent legal prejudice to the defendant. *Ohlander*, 114 F.3d at 1537. The Court has concluded that defendants will not suffer legal prejudice if the Court grants plaintiff's motion to dismiss without prejudice. As a result, it will not hold an expedited trial, require the parties to mediate, or dismiss the case with prejudice.

*Brown v. Baeke*, No. 02-2532-DJW, 2004 WL 2331913, at *1 (D. Kan. May 27, 2004).  In those circumstances, our Court significantly restricted the time in which the plaintiffs could refile.  Here, trial is over a year away, and the Court sees no reason to force plaintiff to refile its claims earlier than the relevant statutes of limitations require.  As a result, the Court denies defendants' request to invent a replacement limitations statute by imposing a limited window for refiling.

### 2.  Costs and Attorney's Fees

Defendants ask the Court to award them costs under Fed. R. Civ. P. 54 and certain attorney's fees they incurred defending this case.

Defendants argue that if the Court dismisses this case without prejudice under Rule 41(a)(2), they are the "prevailing party" in the lawsuit, which triggers their ability to recover costs under Rule 54.  Rule 54(d)(1) provides:  "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed against the prevailing party."  "[A] defendant is a prevailing party under Rule 54 when, in circumstances not involving settlement, the plaintiff dismisses its case against the defendant, whether the dismissal is with or without prejudice."  *Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 456 (10th Cir. 1995).  Rule 54 creates a presumption that a district court will award costs to the prevailing party.  *Id.* at 458-59.  The burden is therefore on plaintiff to overcome that presumption.  *Id.*  Plaintiff makes no argument that the Court should not award costs to defendants after dismissing this case.  As a result, the Court will consider a bill of costs from defendants filed pursuant to D. Kan. Rule 54.1.

Defendants also request that the Court award them certain attorney's fees as a condition of dismissal.  First, defendants argue that the Court should order plaintiff to pay all attorney's fees and expenses incurred by defendants in the time between the Court's order denying

plaintiff's motion for preliminary injunction and the day plaintiff filed its motion to dismiss. However, as discussed above, some of this work included "discussing potential business resolutions to the dispute," and defendants never argue that this work could not be reused if plaintiff refiles this case. Doc. 160 at 7. For those reasons, the Court will not grant attorney's fees and expenses for the time period between the preliminary injunction order and plaintiff's motion to dismiss.

Second, defendants argue that "all of the expert work would be useless in a subsequent proceeding, and therefore, is compensable." Doc. 160 at 26. As discussed above, the Court believes the argument that expert work done in this case would be "useless" in a second lawsuit is speculative, but defendants may seek recovery for duplicative expert expenses at the end of a subsequent lawsuit on plaintiff's claims here, if such duplicative expenses occur.

Finally, defendants argue that certain aspects of plaintiff's conduct in this lawsuit are sanctionable, warranting attorney's fees. The Court addressed these arguments in denying defendants' two motions for sanctions. They do not warrant attorney's fees here.

### 3. Discovery Protections

Defendants ask the Court to require plaintiff to "image" the digital devices of several individuals to preserve the evidence contained on those devices. Specifically, defendants ask the Court to require plaintiff to image the devices of the following individuals: "Rick Heiniger, Landon Morris, Jeff Farrar, Wes Dittmar, Devron Von Gunden, Robert Owens, Alex Webb, Josh Gattis, Charlie Wohlers, all AgJunction board members, and all other AgJunction employees listed on [p]laintiff's Rule 26 disclosure." Doc. 160 at 28. Plaintiff makes no mention of this requested condition in its reply supporting its motion to dismiss without prejudice.

However, the Court will not impose this condition because it is not necessary.  Plaintiff already bears a duty "to preserve documents or materials—including electronic documents and materials—that may be relevant to ongoing and potential future litigation."  *Philips Elecs. N. Am. Corp. v. BC Tech.*, 773 F. Supp. 2d 1149, 1195 (D. Utah 2011) (cited by *Helget v. City of Hays*, No. 13-2228-KHV-KGG, 2014 WL 1308893, at *3 (D. Kan. Mar. 31, 2014)).  Here, plaintiff states that it is unlikely to file the claims in this lawsuit again, but may do so.  As a result, plaintiff is on notice of potential future litigation and thus owes a concomitant duty to preserve potential evidence in its custody and control.  The duty imposed by these ordinary burdens suffices, and the Court in its discretion declines to impose new or additional responsibilities. Because plaintiff has an independent duty to preserve relevant evidence in its custody and control, the Court does not believe the requested condition is necessary to preserve the relative positions of the parties and therefore declines to impose it.

## IV. Conclusion

For these reasons, the Court concludes that defendants will not suffer legal prejudice if the Court dismisses this case without prejudice.  Plaintiff already has agreed to the condition that if plaintiff ever refiles the claims in this lawsuit, "all pleadings, discovery, testimony, Orders or Rulings or any other substantive matters from these proceedings [will] be binding in a later filed action . . . ."  Doc. 153 at 4.  The Court therefore imposes that condition on any future lawsuit plaintiff files reasserting the claims in its First Amended Complaint.  Plaintiff will also be liable for certain, limited expenses defendants incur in a second lawsuit that they would have avoided had the Court resolved this case on the merits.  As discussed above, at the conclusion of a second lawsuit in which plaintiff asserts the same claims as here, defendants may request certain expenses by making a detailed showing to this Court that they are entitled to recover:  (1) fees

22

and expenses to discover and analyze updated versions of each side's precision ag software; and (2) fees and expenses incurred to refile an answer.

Plaintiff has the option to withdraw its motion for voluntary dismissal if it does not wish the Court to bind it by these conditions specified above.  Thus, the Court will permit plaintiff to withdraw its motion if it files a statement with the Court indicating its intent to do so by 5:00 p.m. on February 5, 2015.  If plaintiff has not withdrawn its motion by this deadline, the Court will (1) grant plaintiff's motion to dismiss without prejudice, effective February, 6, 2015, subject to the conditions recited herein; and (2) award costs to defendants consistent with this opinion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff has until 5:00 p.m. on February 5, 2015, to file a statement indicating whether or not the terms of the voluntary dismissal without prejudice are acceptable to it.

**IT IS FURTHER ORDERED BY THE COURT THAT** if plaintiff has not withdrawn its motion by 5:00 p.m. on February 5, 2015, plaintiff's motion to dismiss voluntarily without prejudice (Doc. 152) is granted, effective February 6, 2015, subject to the conditions recited herein.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendants' Motion to Supplement and/or Strike (Doc. 165) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 30th day of January, 2015, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**